1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  Andrew S. Friedman (admitted *pro hac vice*)
3  Wendy J. Harrison (CA SBN 151090)
   2901 North Central Avenue, Suite 1000
4  Phoenix, Arizona 85012
   (602) 274-1100
5

6  RODDY KLEIN & RYAN
   Gary Klein
7  Shennan Kavanagh
   727 Atlantic Avenue
8  Boston, MA 02111-02810
9  (617) 357-5500 ext. 15

10 *Co-Lead Interim Class Counsel*

11

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13

14 In re: WELLS FARGO MORTGAGE        )
   LENDING PRACTICES LITIGATION       )   M:08-CV-01930-MMC
15                                     )
                                    ,  )
16                                     )   **STIPULATION REGARDING**
   This document relates to           )   **CONFIDENTIAL, TRADE SECRET**
17                                     )   **AND PRIVATE CONSUMER**
   ALL ACTIONS                        )   **INFORMATION**
18                                     )
                                       )   Judge: Honorable Maxine M. Chesney
19                                     )
                                       )
20                                     )

21
        In order to protect confidential, trade secret, proprietary and private consumer
22
   information, the parties agree to enter into the proposed Protective Order Regarding
23
   Confidential, Trade Secret and Private Consumer Information filed herewith.
24

25

26

27

28

1  DATED this 19th day of May, 2008.

2  BONNETT, FAIRBOURN, FRIEDMAN, & BALINT, P.C.

    /s Andrew S. Friedman
   Andrew S. Friedman
   Wendy J. Harrison
   2901 North Central Avenue, Suite 1000
   Phoenix, Arizona 85012

   RODDY KLEIN & RYAN

    /s Gary Klein
   Gary Klein
   Shennan Kavanagh
   727 Atlantic Avenue
   Boston, MA 02111-02810
   (617) 357-5500 ext. 15

   Co-Lead Interim Class Counsel


   REED SMITH LLP

    /s Robert D. Phillips, Jr.
   Robert D. Phillips, Jr.
   Tyree P. Jones, Jr.
   David S. Reidy
   P. O. Box 7936
   San Francisco, CA 94120-7936
   Telephone: (415) 543-8700
   Facsimile: (415) 391-8269

   Attorneys for Defendant
   Wells Fargo Bank, N.A.

2

1

## CERTIFICATE OF SERVICE

2

3   I, Andrew S. Friedman, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated

4   as non-registered participants on May 19, 2008.

5                    /s Andrew S. Friedman
                     Andrew S. Friedman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: WELLS FARGO MORTGAGE   )
LENDING PRACTICES LITIGATION  )   M:08-CV-01930-MMC
                              )
_____,  )   **PROTECTIVE ORDER**
                              )   **REGARDING CONFIDENTIAL,**
This document relates to      )   **TRADE SECRET AND PRIVATE**
                              )   **CONSUMER INFORMATION**
ALL ACTIONS                   )
                              )   *Honorable Maxine M. Chesney*
                              )
                              )
_____   )

      In order to protect confidential, trade secret, proprietary and private consumer information, good cause appearing, and based on the stipulation of the parties to these consolidated actions, by and through their attorneys of record, **IT IS HEREBY ORDERED AS FOLLOWS:**

      This Order Regarding Confidential, Trade Secret and Private Consumer Information ("Order") shall govern the use of confidential information produced during discovery in this proceeding. As used in this Order, the term "party" shall mean all named parties in the above-styled action, including any named party added or joined to this action. As used in this Order, the term "non-party" shall mean any individual, corporation, association, or other natural person or entity other than a party. The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure. For purposes of this Order, the party or non-party designating information,

1  documents, materials or items as confidential bears the burden of establishing the
2  confidentiality of all such information, documents, materials or items.
3      1.   For the purposes of this Order, "Confidential Information" means the
4  following types of documents and information:
5      (a)   Information that constitutes a trade secret in accordance with Cal.
6  Civil Code § 3426.1;
7      (b)   Non-public communications with regulators or other governmental
8  bodies that are protected from disclosure by statute or regulation;
9      (c)   Information, materials, and/or other documents reflecting non-public
10 business or financial strategies, and/or confidential competitive information which, if
11 disclosed, would result in prejudice or competitive harm to the disclosing party; and
12     (d)   Borrower-specific information including private consumer
13 information that contains identifying, contact or private financial information provided by
14 a consumer to a financial institution, resulting from any transaction with the consumer or
15 any service performed for the consumer, or otherwise obtained by the financial
16 institution, including any list, description, or other grouping of consumers (and publicly
17 available information pertaining to them) that is derived using any nonpublic personal
18 information, including any "nonpublic personal information" such as identified by the
19 Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. (collectively referred to hereinafter as
20 "Confidential Consumer Material").
21     2.   Any party may seek an amendment to this Order to designate confidential
22 documents and information in addition to the categories described in Paragraph 1 before
23 production of any such documents and information.  The parties agree to meet and confer
24 in good faith and attempt to reach agreement on any request by a party to designate such
25 additional categories of confidential documents or information.
26     3.   Confidential documents shall be so designated by stamping copies of the
27 document produced to a party with one of the following legends:
28

1       "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

2       "CONFIDENTIAL" or "CONFIDENTIAL PRIVATE CONSUMER

3       INFORMATION"

4       Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. If such designation is not feasible (*e.g.* in the case of certain electronic documents), then such designation may be made by informing the other parties in writing.

      4.      The designation of any material as "Confidential" pursuant to this Order shall constitute the verification of counsel for the producing party or non-party that the material constitutes Confidential Information as defined in Paragraph 1 of this Order, and Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

      5.      Documents produced by a party or non-party or their counsel ("Designating Party") and as confidential under this Order (hereinafter "Confidential Material"), other than Confidential Consumer Material, may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

      (a)      The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

      (b)      Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

      (c)      The Court and any person employed or retained by the Court whose duties require access to confidential material;

    (d) Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

    (e) Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

    (f) Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

    (g) Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

    (h) Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

    (i) Such other persons as may be designated by written agreement of Counsel or by order of the Court.

  6. Confidential Consumer Material may be disclosed or made available only to the persons identified in paragraphs 5(b) through 5(i).

  7. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such

1 Confidentiality Agreements and certifying that such individuals have complied with the
2 requirements of Paragraph 16.

3     8.    Any motion, pleading or other submission that contains or attaches
4 Confidential Material shall be filed in accordance with the requirements of Local Rule
5 79-5, in a sealed envelope that: (a) is endorsed with the caption for the matter; (b) sets
6 forth a general description of the contents of the sealed envelope; and (c) contains the
7 following legend:

8     "CONFIDENTIAL:  THIS ENVELOPE IS SEALED PURSUANT TO
9     ORDER OF THE COURT, CONTAINS CONFIDENTIAL
10     INFORMATION, AND IS NOT TO BE OPENED NOR THE CONTENTS
11     REVEALED EXCEPT BY ORDER OF THE COURT."

12     All papers that refer to or rely upon Confidential Material shall specify the
13 particular aspects of the documents or materials that are Confidential.

14     9.    If a person receiving Confidential Material learns that, by inadvertence or
15 otherwise, it has disclosed Confidential Material to any person or in any circumstance not
16 authorized under this Order, that person shall request the recipient to return the
17 Confidential Material including all copies thereof, and notify the Designating Party that
18 produced the Confidential Material of the disclosure.

19     10.    Nothing in this Order shall prohibit disclosure of Confidential Material in
20 response to compulsory process or the process of any governmental regulatory agency.  If
21 any person subject to this Order, including a person subject to a Confidentiality
22 Agreement under this Order, is served with such process or receives notice of any
23 subpoena or other discovery request seeking Confidential Material, such person shall
24 promptly (not more than three (3) working days after receipt of such process or notice)
25 notify the Designating Party of such process or request, shall take all reasonable steps to
26 refrain from producing Confidential Material in response to such process, and shall afford

27
28

1 a reasonable opportunity for the Designating Party to oppose the process or to seek a
2 protective order.

3     11.    Counsel for any deponent, party or non-party may designate specific
4 portions of deposition testimony or exhibits as Confidential Material by indicating on the
5 record at the deposition that the testimony of the deponent or any exhibits to his
6 testimony are to be treated as confidential. The Court reporter shall separately bind such
7 testimony and exhibits in a transcript bearing the legend "Confidential – Subject To
8 Protective Order" on the cover page. Failure of Counsel to designate testimony or
9 exhibits as confidential at deposition, however, shall not constitute a waiver of the
10 confidentiality of the testimony or exhibits. Upon receipt of the transcript of the
11 deposition, Counsel shall be entitled to designate specific pages and lines of the transcript
12 or the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until
13 Counsel for the deponent, party or non-party designates the transcript or exhibits as
14 confidential, however, any other party shall be entitled to treat the transcript or exhibits as
15 non-confidential material.

16     12.    No one may attend the portions of depositions or review the transcripts of
17 the portions of any depositions at which Confidential Material is shown or discussed other
18 than those persons designated in Paragraph 5 and outside counsel for any non-party
19 deponent (who shall first sign the Confidentiality Agreement).

20     13.    A party or other person objecting to designation of any document(s) or
21 material(s) as Confidential Material shall provide written notice of the objection to
22 Counsel for the Designating Party, specifying the document(s) or material(s) that are the
23 subject of the objection. Upon receipt of the written objection, counsel for the
24 Designating Party shall, within twenty (20) days, provide a written response to the
25 objecting party explaining the basis for the designation as Confidential Material; otherwise
26 the document(s) or material(s) shall be deemed to be no longer Confidential
27 without a court order. The parties and any other objecting person(s) shall confer
28

1   in good faith in an effort to resolve the objection and any response by the Designating
2   Party. If the objecting party or person and the Designating Party are unable to resolve the
3   issue, the Designating Party, within fourteen (14) days after serving its written response
4   to the objection notification, may file a motion with the Court to continue the designation
5   of the document(s) or material(s) as "Confidential Material." In deciding such a motion,
6   the Court shall make an independent determination as to whether or not the document(s)
7   or material(s) is Confidential and is entitled to protection under applicable law. To
8   maintain confidential status, the Designating Party shall have the burden of establishing
9   that the document(s) or material(s) constitutes Confidential Material as defined in
10  Paragraph 1 of this Order, and is entitled to protection under applicable law. If the
11  Designating Party does not file a motion seeking to maintain the "Confidential
12  Designation" within fourteen (14) days after serving its written response to the objection
13  to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer
14  confidential.
15       14.    If any Confidential Material is inadvertently provided to a discovering party
16  without being marked as confidential in accordance with this Order, the producing party
17  may thereafter designate such materials as confidential and the initial failure to so mark
18  the material shall not be deemed a waiver of its confidentiality. Until the material is
19  designated as confidential by the Designating Party, however, the discovering party shall
20  be entitled to treat the material as non-confidential.
21       15.    Within sixty (60) days of final termination of this lawsuit, including all
22  appeals, (whether by judgment, settlement or otherwise) all materials produced by a party
23  that contain Confidential Material, including all abstracts and summaries of such
24  material, shall be destroyed or returned to Counsel for the Designating Party. Such
25  destroyed or returned materials shall not include the notes or work product of counsel for
26  the parties, expert witnesses or consultants or investigators or agents thereof.
27  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
28

pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order. Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance. Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the Designating Party.

16. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

18. This Court shall retain jurisdiction to enforce the terms of this Order for six months after final termination of this action.

DATED: _____

_____
Honorable Maxine M. Chesney
United States District Court Judge

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

    Case:  In re: Wells Fargo Mortgage Lending Practices Litigation, Case No. M:08-cv-01930 (N.D. Cal.)

4

5

    I, _____, declare under penalty of perjury under the laws of the United States that I have read in its entirety the Protective Order Regarding Confidential and Trade Secret Information in the above referenced lawsuit, and agree to adhere to and be bound by its terms, and to submit to the jurisdiction of this Court if any dispute arises over the use of the Confidential Information referenced therein.

6

7

8

9

    Signed: _____

10

    Dated: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28