BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (admitted *pro hac vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
(602) 274-1100

RODDY KLEIN & RYAN
Gary Klein
Shennan Kavanagh
727 Atlantic Avenue
Boston, MA 02111-02810
(617) 357-5500 ext. 15

*Interim Co-Lead Class Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO MORTGAGE LENDING PRACTICES LITIGATION <br><br> _____, <br><br> This document relates to <br><br> ALL ACTIONS | M:08-CV-01930-MMC <br><br> **[PROPOSED] PRE-TRIAL ORDER NO. 2** <br><br> *Honorable Maxine M. Chesney* |

## I.  APPLICATION

This Order shall apply to those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to the Panel's Transfer Order dated April 10, 2008 (the "Transfer Order"), as well as all Related Actions previously or subsequently filed in this District Court or otherwise transferred or removed to this Court.[1] This Order shall also apply to any "tag-along" actions the Judicial Panel on Multidistrict Litigation

---

[1] Pretrial Order No.1 was entered on January 8, 2008.

transfers to this Court pursuant to Rule 12 of its Rules of Procedure. A list of those actions filed, transferred or removed to this Court thus far is attached to this Order as Exhibit A.

A copy of this Order shall be filed in each case listed in Exhibit A. In cases subsequently filed in, removed to, or transferred to this Court as part of this multidistrict litigation proceeding, Plaintiffs' Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall provide a copy of this Order to each Plaintiff and Defendant not previously a party to a case consolidated and coordinated in MDL 1930 at the time such case is filed in, removed or transferred to this Court.

This Order shall apply to each case subsequently transferred to this Court, unless (1) a party serves and files an application for relief from this Order or from any of its provisions within ten (10) days after the date on which Plaintiffs' Co-Lead Interim Class Counsel and Liaison Interim Class Counsel mails a copy of this Order to counsel for that party and (2) this Court grants such application. The Court requests the assistance of counsel in calling to the attention of the Clerk for filing or transfer of any case which might properly be coordinated or consolidated as part of these consolidated and coordinated actions.

Within ten (10) days after service of this Order by Plaintiffs' Co-Lead Interim Class Counsel and Liaison Interim Class Counsel (see § V. A. below), any party may object to the application of this Order or to any of its provisions, by filing an application for relief with the Court.

## II. CONSOLIDATION, DESCRIPTION AND CAPTION

In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, the actions subject to this Order are hereby consolidated for pre-trial purposes only. All cases subsequently filed in, removed or transferred to this Court as part of MDL No. 1930 shall be similarly consolidated for pre-trial proceedings.

Henceforth, this case will be referred to as "In Re: Wells Fargo Mortgage Lending Practices Litigation" M: 08-cv-01930-MMC (the "Consolidated Actions").

1  Henceforth, every pleading and other document filed in these actions which
2  ordinarily contains a pleading caption shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISIONS**

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO: ALL ACTIONS | M:08-CV-01930-MMC Honorable Maxine M. Chesney [DOCUMENT CAPTION] |

When a pleading or other captioned document is intended to be applicable to all actions which have been consolidated in this case, the words "All Actions" shall appear immediately after the words "This document relates to:". (See example above). When a pleading or other captioned document is intended to be applicable only to one or more, but fewer than all, of these consolidated actions, the last name of the first-named plaintiff in that action and that action's case-specific number shall appear immediately after the words "This document relates to:". Thus, for example, "*VENTURA*, C 07-4309 MMC" would replace "ALL ACTIONS" in the caption above.

**III.   MASTER FILE AND MASTER DOCKET**

A Master File is hereby established for the pleadings and papers filed in the Consolidated Actions, and for all other cases filed in or transferred or removed to this Court and consolidated with the Consolidated Actions. The Master File shall be denominated M:08-cv-01930-MMC. An original of this Order and every subsequent Order shall be filed by the Clerk of Court in the Master File, and Plaintiffs' Interim Co-Lead Class Counsel shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

When a pleading or other paper is filed with a caption stating that it is applicable to "All Actions," the Clerk shall file such pleading or paper only in the Master File and enter such filing in the Master File Docket. As such, the parties need only provide the Clerk with an original and one copy plus any conforming copies of any document or paper submitted for filing.

When a pleading or other paper is filed and the caption shows that it is applicable to fewer than all of these consolidated actions, the individual action number assigned by the Clerk's Office in the Northern District of California must be listed so that those pleadings or papers may be docketed under the Clerk's Office action number. For example:

| IN RE WELLS FARGO MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO: *VENTURA*, C 07-4309 MMC | M: 08-cv-01930-MMC Honorable Maxine M. Chesney [DOCUMENT CAPTION] |
|---|---|

The Clerk shall file such pleading or paper in the file(s) pertaining to the specific individual action(s) and shall enter the pleading or paper in the docket(s) for such action(s). The Clerk also shall note on the Master File Docket those consolidated actions to which the document relates.

Only pleadings which pertain to an individual action, such as answers, cross-claims, etc. may be docketed on the individual action docket sheet in addition to the Master File Docket.[2]

---

[2] In order to maintain the integrity of the individual action files in instances where documents or papers pertain to numerous actions, the parties should submit an original and one copy plus a

## IV. ADMISSION OF ATTORNEYS

All attorneys of record to the parties in the Consolidated Actions are deemed admitted *pro hac vice* to practice before this Court, and no *pro hac vice* applications for admission to practice by counsel of record are required. Unless the Court orders otherwise, no counsel of record for any party shall be required to obtain local counsel in the Northern District of California.

## V. CO-LEAD INTERIM CLASS COUNSEL AND LIAISON INTERIM CLASS COUNSEL'S COORDINATION OF PRE-TRIAL ACTIVITIES

### A. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel

On January 8, 2008, this Court appointed Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. and Gary Klein of Roddy Klein & Ryan as Co-Lead Interim Class Counsel and Coughlin Stoia Geller Rudman & Robbins LLP as Liaison Interim Class Counsel pursuant to Fed. R. Civ. P. 23 (g) to act on behalf of the Plaintiffs and the proposed class in these consolidated actions. *See* Pretrial Order No. 1.

### B. Responsibilities of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel

Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall continue to fulfill the responsibilities outlined in Pretrial Order No. 1. Responsibilities of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel generally include:

    1. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel. In addition, Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel.

---

duplicate original for each of the individual actions identified in the caption after the words "This document relates to:" in the caption set forth above and, if desired, a conforming copy.

2. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall also maintain a current Master Service List, which shall include email addresses of all counsel of record and whenever changes or additions are made to the Master Service List provide all counsel and the Clerk with a revised copy containing the date of the revisions. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel will be responsible for receiving and distributing to all Plaintiffs' counsel in the action all notices, orders and other communications from the Court.  Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall keep complete files of all material received and make those materials available for inspection by Plaintiffs' counsel.

3. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel without the advance approval of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel.  This is intended to prevent duplication of pleadings, discovery or tasks by Plaintiffs' counsel.  All pleadings or other papers filed with the Court on behalf of any Plaintiff shall be filed through Co-Lead Interim Class Counsel and Liaison Interim Class Counsel.  Co-Lead Interim Class Counsel and Liaison Interim Class Counsel will speak on behalf of Plaintiffs at all Court conferences and hearings.

4. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall conduct settlement discussions and negotiations on behalf of Plaintiffs.  Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall enter into discussions, negotiations, and stipulations with counsel for Defendant necessary for the conduct of the litigation.

5. All Plaintiffs' counsel shall submit to Co-Lead Interim Class Counsel and Liaison Interim Class Counsel a record of time expended and

     expenses incurred in the manner, form and frequency directed by Co-Lead Interim Class Counsel and Liaison Interim Class Counsel.

  6. Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities, the prosecution of this litigation, or as authorized by further order of this Court.

Defendant's counsel may rely upon all agreements made with Plaintiffs' Co-Lead Interim Class Counsel and Liaison Interim Class Counsel and such agreements shall be binding on all Plaintiffs and their counsel, unless otherwise ordered by the Court.

  **B.** **Plaintiffs' Executive Committee**

The following counsel are hereby appointed as members of the Plaintiffs' Executive Committee:

  CHAVEZ & GERTLER, LLP

  SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP

The Executive Committee shall assist in the prosecution of this litigation as directed by Interim Co-Lead Class Counsel and Liaison Interim Class Counsel. Its members as well as Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall cooperate to the maximum extent reasonably possible to assure the efficient, effective and economical prosecution of this litigation.

  **C.** **Time Records**

All Plaintiffs' counsel shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Interim Class Counsel and Liaison Interim Class Counsel in such manner as Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

## VI. DISCOVERY

No motion or discovery shall be initiated or filed on behalf of any Plaintiff in the Consolidated Actions except by and through Co-Lead Interim Class Counsel and Liaison Interim Class Counsel.  All discovery taken in these consolidated and coordinated actions will apply to subsequently filed cases and the parties will not be required to repeat discovery already undertaken in these actions.  The Court expects all counsel in these consolidated and coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses and to avoid duplicative or overlapping requests or responses.

## VII. PRESERVATION OF EVIDENCE

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.  Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## VIII. SERVICE OF DOCUMENTS

Plaintiffs shall serve Defendant with all pleadings, motions and other Court filings by serving Defendant's Counsel by overnight delivery for the next court day on the date when such service is due.  In addition, Plaintiffs shall also serve Defendant with all pleadings, motions and other Court filings by emailing PDF copies of the submissions to those lawyers and paralegals designated by Defendant's Counsel to receive service copies.

Defendant shall serve Plaintiffs with all pleadings, motions and other court filings by serving Co-Lead Interim Class Counsel and Liaison Interim Class Counsel by overnight delivery for the next court day on the date when such service is due.  In addition, Defendant shall also serve Plaintiffs with all pleadings, motions and other Court

filings by emailing PDF copies of the submissions to those lawyers and paralegals designated by Co-Lead Interim Class Counsel and Liaison Interim Class Counsel to receive service copies,

Pursuant to Fed. R. Civ. P. 5, service of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel and service of Defendant's Counsel constitutes service on other attorneys and parties for whom such counsel acts. For the purpose of computing time under Fed. R. Civ. P. 6, one day shall be added to the prescribed period when service is effectuated by electronic means under this Order. For the purpose of calculating time for filing motions and related papers under Local Rules 6-1, 7-2 and 7-3, any motions, oppositions to motions, or reply papers served pursuant to this section shall be deemed to be served personally as of the date they are transmitted by overnight mail, and such service shall not extend or affect any time period prescribed for service under Local Rules 6-1, 7-2 or 7-3.

## IX.     SUBSEQUENT CASES AND PRETRIAL ORDERS

### A.     Subsequent Orders

The Court may issue additional pretrial orders as appropriate to provide for the prompt, fair, and efficient administration of this matter. All subsequent case management orders issued in this proceeding shall be numbered consecutively. Any reference to an order of this Court in any document filed with the Court shall include the proper number of the Order.

### B.     Application to Additional Cases

Because additional cases may be transferred to, removed to, or filed in this Court, this Court will issue orders calling for such matters to proceed in a manner consistent with this multidistrict litigation proceeding, and, to the maximum extent practicable, will require such cases to follow the same schedule set forth herein.

### C.     Amendments; Exceptions

This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

## X. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of attorney-client privilege or the attorney work product immunity.  Similarly, the mere communication of information among and between counsel for Defendant shall not be deemed a waiver of any applicable privileges.

## XI. DOCUMENTS PRODUCED IN CONSTITUENT CASES

Any documents produced in any of the constituent cases to MDL No. 1930 may be used as if produced in these MDL proceedings.

DATED: _____

_____
HONORABLE MAXINE M. CHESNEY
U.S. DISTRICT COURT JUDGE