1   BONNETT, FAIRBOURN, FRIEDMAN
2   & BALINT, P.C.
    Andrew S. Friedman (admitted *pro hac vice*)
3   Wendy J. Harrison (CA SBN 151090)
    2901 North Central Avenue, Suite 1000
4   Phoenix, Arizona 85012
    (602) 274-1100
5

6   RODDY KLEIN & RYAN
    Gary Klein
7   Shennan Kavanagh
    727 Atlantic Avenue
8   Boston, MA 02111-02810
9   (617) 357-5500 ext. 15

10   *Interim Co-Lead Class Counsel*

11
    *[Additional counsel appear on signature page.]*
12

13         UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
14

15   In re:  WELLS FARGO MORTGAGE      )
    LENDING PRACTICES LITIGATION   )    M:08-CV-01930-MMC
16   _____,   )   **[PROPOSED]** **PRE-TRIAL ORDER**
                            )   **NO. 2**
17   This document relates to           )
                            )   ***Honorable Maxine M. Chesney***
18   ALL ACTIONS              )
                            )
19   _____    )

20   **I.     APPLICATION**

21        This Order shall apply to those actions transferred to this Court by the Judicial

22   Panel on Multidistrict Litigation pursuant to the Panel's Transfer Order dated April 10,

23   2008 (the "Transfer Order"), as well as all Related Actions previously or subsequently

24   filed in this District Court or otherwise transferred or removed to this Court.[1]  This Order

25   shall also apply to any "tag-along" actions the Judicial Panel on Multidistrict Litigation

26   _____

27   [1] Pretrial Order No.1 was entered on January 8, 2008.

28

1    transfers to this Court pursuant to Rule 12 of its Rules of Procedure.  A list of those

2    actions filed, transferred or removed to this Court thus far is attached to this Order as

3    Exhibit A.

4      A copy of this Order shall be filed in each case listed in Exhibit A.  In cases

5    subsequently filed in, removed to, or transferred to this Court as part of this multidistrict

6    litigation proceeding, Plaintiffs' Co-Lead Interim Class Counsel and Liaison Interim

7    Class Counsel shall provide a copy of this Order to each Plaintiff and Defendant not

8    previously a party to a case consolidated and coordinated in MDL 1930 at the time such

9    case is filed in, removed or transferred to this Court.

10      This Order shall apply to each case subsequently transferred to this Court, unless

11    (1) a party serves and files an application for relief from this Order or from any of its

12    provisions within ten (10) days after the date on which Plaintiffs' Co-Lead Interim Class

13    Counsel and Liaison Interim Class Counsel mails a copy of this Order to counsel for that

14    party and (2) this Court grants such application.  The Court requests the assistance of

15    counsel in calling to the attention of the Clerk for filing or transfer of any case which

16    might properly be coordinated or consolidated as part of these consolidated and

17    coordinated actions.

18      Within ten (10) days after service of this Order by Plaintiffs' Co-Lead Interim

19    Class Counsel and Liaison Interim Class Counsel (see § V. A. below), any party may

20    object to the application of this Order or to any of its provisions, by filing an application

21    for relief with the Court.

22    **II. CONSOLIDATION, DESCRIPTION AND CAPTION**

23      In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, the actions

24    subject to this Order are hereby consolidated for pre-trial purposes only.  All cases

25    subsequently filed in, removed or transferred to this Court as part of MDL No. 1930 shall

26    be similarly consolidated for pre-trial proceedings.

27      Henceforth, this case will be referred to as "In Re:  Wells Fargo Mortgage

28    Lending Practices Litigation" M: 08-cv-01930-MMC (the "Consolidated Actions").

1   Henceforth, every pleading and other document filed in these actions which

2  ordinarily contains a pleading caption shall bear the following caption:

3                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
4
                     **SAN FRANCISCO/OAKLAND DIVISIONS**
5

6   IN RE WELLS FARGO MORTGAGE                    M:08-CV-01930-MMC

7  LENDING PRACTICES LITIGATION                   Honorable Maxine M. Chesney

8  _____                 [DOCUMENT CAPTION]

9  THIS DOCUMENT RELATES TO:

10  ALL ACTIONS

11

12          When a pleading or other captioned document is intended to be applicable to all

13  actions which have been consolidated in this case, the words "All Actions" shall appear

14  immediately after the words "This document relates to:".  (See example above). When a

15  pleading or other captioned document is intended to be applicable only to one or more,

16  but fewer than all, of these consolidated actions, the last name of the first-named plaintiff

17  in that action and that action's case-specific number shall appear immediately after the

18  words "This document relates to:".  Thus, for example, "*VENTURA*, C 07-4309 MMC"

19  would replace "ALL ACTIONS" in the caption above.

20  **III.    MASTER FILE AND MASTER DOCKET**

21          A Master File is hereby established for the pleadings and papers filed in the

22  Consolidated Actions, and for all other cases filed in or transferred or removed to this

23  Court and consolidated with the Consolidated Actions.  The Master File shall be

24  denominated M:08-cv-01930-MMC.  An original of this Order and every subsequent

25  Order shall be filed by the Clerk of Court in the Master File, and Plaintiffs' Interim Co-

26  Lead Class Counsel shall mail a copy of this Order to counsel of record in each of the

27  Consolidated Actions.

28

3

1    When a pleading or other paper is filed with a caption stating that it is applicable

2  to "All Actions," the Clerk shall file such pleading or paper only in the Master File and

3  enter such filing in the Master File Docket.  As such, the parties need only provide the

4  Clerk with an original and one copy plus any conforming copies of any document or

5  paper submitted for filing.

6    When a pleading or other paper is filed and the caption shows that it is applicable

7  to fewer than all of these consolidated actions, the individual action number assigned by

8  the Clerk's Office in the Northern District of California must be listed so that those

9  pleadings or papers may be docketed under the Clerk's Office action number.  For

10  example:

11

| | |
|---|---|
| 12  IN RE WELLS FARGO MORTGAGE<br>LENDING PRACTICES LITIGATION<br>13 _____ | M: 08-cv-01930-MMC<br>Honorable Maxine M. Chesney |
| 14<br>THIS DOCUMENT RELATES TO:<br>15 | [DOCUMENT CAPTION] |
| *VENTURA*, C 07-4309 MMC<br>16 | |
| 17 | |

18

19    The Clerk shall file such pleading or paper in the file(s) pertaining to the specific

20  individual action(s) and shall enter the pleading or paper in the docket(s) for such

21  action(s).  The Clerk also shall note on the Master File Docket those consolidated actions

22  to which the document relates.

23    Only pleadings which pertain to an individual action, such as answers, cross-

24  claims, etc. may be docketed on the individual action docket sheet in addition to the

25  Master File Docket.[2]

26  _____

27  [2] In order to maintain the integrity of the individual action files in instances where documents or
28  papers pertain to numerous actions, the parties should submit an original and one copy plus a

PRETRIAL ORDER NO. 2

**IV.    ADMISSION OF ATTORNEYS**

All attorneys of record to the parties in the Consolidated Actions are deemed admitted *pro hac vice* to practice before this Court, and no *pro hac vice* applications for admission to practice by counsel of record are required.  Unless the Court orders otherwise, no counsel of record for any party shall be required to obtain local counsel in the Northern District of California.

**V.    CO-LEAD INTERIM CLASS COUNSEL AND LIAISON INTERIM CLASS COUNSEL'S COORDINATION OF PRE-TRIAL ACTIVITIES**

**A.    Co-Lead Interim Class Counsel and Liaison Interim Class Counsel**

On January 8, 2008, this Court appointed Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. and Gary Klein of Roddy Klein & Ryan as Co-Lead Interim Class Counsel and Coughlin Stoia Geller Rudman & Robbins LLP as Liaison Interim Class Counsel pursuant to Fed. R. Civ. P. 23 (g) to act on behalf of the Plaintiffs and the proposed class in these consolidated actions.  *See* Pretrial Order No. 1.

**B.    Responsibilities of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel**

Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall continue to fulfill the responsibilities outlined in Pretrial Order No. 1.  Responsibilities of Co-Lead Interim Class Counsel and Liaison Interim Class Counsel generally include:

> 1.    Co-Lead Interim Class Counsel and Liaison Interim Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel.  In addition, Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel.

---

duplicate original for each of the individual actions identified in the caption after the words "This document relates to:" in the caption set forth above and, if desired, a conforming copy.

PRETRIAL ORDER NO. 2

2.  Co-Lead Interim Class Counsel and Liaison Interim Class Counsel
    shall also maintain a current Master Service List, which shall include
    email addresses of all counsel of record and whenever changes or
    additions are made to the Master Service List provide all counsel and
    the Clerk with a revised copy containing the date of the revisions.
    Co-Lead Interim Class Counsel and Liaison Interim Class Counsel
    will be responsible for receiving and distributing to all Plaintiffs'
    counsel in the action all notices, orders and other communications
    from the Court.  Co-Lead Interim Class Counsel and Liaison Interim
    Class Counsel shall keep complete files of all material received and
    make those materials available for inspection by Plaintiffs' counsel.

3.  No pleadings or other papers shall be filed or tasks performed by
    Plaintiffs' counsel without the advance approval of Co-Lead Interim
    Class Counsel and Liaison Interim Class Counsel.  This is intended
    to prevent duplication of pleadings, discovery or tasks by Plaintiffs'
    counsel.  All pleadings or other papers filed with the Court on behalf
    of any Plaintiff shall be filed through Co-Lead Interim Class Counsel
    and Liaison Interim Class Counsel.  Co-Lead Interim Class Counsel
    and Liaison Interim Class Counsel will speak on behalf of Plaintiffs
    at all Court conferences and hearings.

4.  Co-Lead Interim Class Counsel and Liaison Interim Class Counsel
    shall conduct settlement discussions and negotiations on behalf of
    Plaintiffs.  Co-Lead Interim Class Counsel and Liaison Interim Class
    Counsel shall enter into discussions, negotiations, and stipulations
    with counsel for Defendant necessary for the conduct of the
    litigation.

5.  All Plaintiffs' counsel shall submit to Co-Lead Interim Class Counsel
    and Liaison Interim Class Counsel a record of time expended and

6

1   expenses incurred in the manner, form and frequency directed by Co-
2   Lead Interim Class Counsel and Liaison Interim Class Counsel.

3   6.   Co-Lead Interim Class Counsel and Liaison Interim Class Counsel
4        shall perform such other duties as may be incidental to the proper
5        coordination of Plaintiffs' pretrial activities, the prosecution of this
6        litigation, or as authorized by further order of this Court.

7   Defendant's counsel may rely upon all agreements made with Plaintiffs' Co-Lead

8   Interim Class Counsel and Liaison Interim Class Counsel and such agreements shall be

9   binding on all Plaintiffs and their counsel, unless otherwise ordered by the Court.

10  **B.   Plaintiffs' Executive Committee**

11  The following counsel are hereby appointed as members of the Plaintiffs'

12  Executive Committee:

13  CHAVEZ & GERTLER, LLP

14  SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP

15  The Executive Committee shall assist in the prosecution of this litigation as directed

16  by Interim Co-Lead Class Counsel and Liaison Interim Class Counsel.  Its members as well

17  as Co-Lead Interim Class Counsel and Liaison Interim Class Counsel shall cooperate to the

18  maximum extent reasonably possible to assure the efficient, effective and economical

19  prosecution of this litigation.

20  **C.   Time Records**

21  All Plaintiffs' counsel shall keep contemporaneous time records and shall

22  periodically submit summaries or other records of time and expenses to Co-Lead Interim

23  Class Counsel and Liaison Interim Class Counsel in such manner as Co-Lead Interim

24  Class Counsel and Liaison Interim Class Counsel shall require.  Failure to provide such

25  documents and/or data on a timely basis may result in the Court's failure to consider non-

26  compliant counsel's application for fees and expenses should this litigation be resolved

27  successfully for Plaintiffs.

28

7

## VI.    DISCOVERY

No motion or discovery shall be initiated or filed on behalf of any Plaintiff in the Consolidated Actions except by and through Co-Lead Interim Class Counsel and Liaison Interim Class Counsel.  All discovery taken in these consolidated and coordinated actions will apply to subsequently filed cases and the parties will not be required to repeat discovery already undertaken in these actions.  The Court expects all counsel in these consolidated and coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses and to avoid duplicative or overlapping requests or responses.

## VII.    PRESERVATION OF EVIDENCE

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.  Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## VIII.    SERVICE OF DOCUMENTS

Plaintiffs shall serve Defendant with all pleadings, motions and other Court filings by serving Defendant's Counsel by overnight delivery for the next court day on the date when such service is due.  In addition, Plaintiffs shall also serve Defendant with all pleadings, motions and other Court filings by emailing PDF copies of the submissions to those lawyers and paralegals designated by Defendant's Counsel to receive service copies.

Defendant shall serve Plaintiffs with all pleadings, motions and other court filings by serving Co-Lead Interim Class Counsel and Liaison Interim Class Counsel by overnight delivery for the next court day on the date when such service is due.  In addition, Defendant shall also serve Plaintiffs with all pleadings, motions and other Court

PRETRIAL ORDER NO. 2

1  filings by emailing PDF copies of the submissions to those lawyers and paralegals

2  designated by Co-Lead Interim Class Counsel and Liaison Interim Class Counsel to

3  receive service copies,

4        Pursuant to Fed. R. Civ. P. 5, service of Co-Lead Interim Class Counsel and

5  Liaison Interim Class Counsel and service of Defendant's Counsel constitutes service on

6  other attorneys and parties for whom such counsel acts.  For the purpose of computing

7  time under Fed. R. Civ. P. 6, one day shall be added to the prescribed period when

8  service is effectuated by electronic means under this Order.  For the purpose of

9  calculating time for filing motions and related papers under Local Rules 6-1, 7-2 and 7-3,

10  any motions, oppositions to motions, or reply papers served pursuant to this section shall

11  be deemed to be served personally as of the date they are transmitted by overnight mail,

12  and such service shall not extend or affect any time period prescribed for service under

13  Local Rules 6-1, 7-2 or 7-3.

14  **IX.    SUBSEQUENT CASES AND PRETRIAL ORDERS**

15        **A.    Subsequent Orders**

16        The Court may issue additional pretrial orders as appropriate to provide for the

17  prompt, fair, and efficient administration of this matter.  All subsequent case management

18  orders issued in this proceeding shall be numbered consecutively.  Any reference to an

19  order of this Court in any document filed with the Court shall include the proper number

20  of the Order.

21        **B.    Application to Additional Cases**

22        Because additional cases may be transferred to, removed to, or filed in this Court,

23  this Court will issue orders calling for such matters to proceed in a manner consistent

24  with this multidistrict litigation proceeding, and, to the maximum extent practicable, will

25  require such cases to follow the same schedule set forth herein.

26        **C.    Amendments; Exceptions**

27        This Order may be amended by the Court on its own motion, and any party may

28  apply at any time to this Court for a modification or exception to this Order.

PRETRIAL ORDER NO. 2

1    **X.    COMMUNICATION AMONG COUNSEL**

2        The Court recognizes that cooperation by and among counsel is essential for the

3    orderly and expeditious resolution of this litigation.  Accordingly, the mere

4    communication of otherwise privileged information among and between Plaintiffs'

5    counsel shall not be deemed a waiver of attorney-client privilege or the attorney work

6    product immunity.  Similarly, the mere communication of information among and

7    between counsel for Defendant shall not be deemed a waiver of any applicable privileges.

8    **XI.    DOCUMENTS PRODUCED IN CONSTITUENT CASES**

9        Any documents produced in any of the constituent cases to MDL No. 1930 may be

10   used as if produced in these MDL proceedings.

11       DATED:  May 23, 2008

12

13

14       HONORABLE MAXINE M. CHESNEY
         U.S. DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

# EXHIBIT A

IN RE: WELLS FARGO MORTGAGE
LENDING PRACTICES LITIGATION                    MDL No. 1930

## SCHEDULE A

### Central District of California

Juan Rodriguez, et al. v. Wells Fargo Bank, N.A., C.A. No. 2:07-6780

### Northern District of California

Nancy Jeffries, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 3:07-3880
Gilbert Ventura, Sr., et al. v. Wells Fargo Bank, N.A., C.A. No. 3:07-4309
 Ruby Kathryn Brown v. Wells Fargo Bank, N.A., C.A., No. 3:08-0492

### Northern District of Illinois

Judy Williams v. Wells Fargo Bank, N.A., C.A. No. 1:07-6342

## PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

**A.     TEN COURT DAYS PRIOR TO PRETRIAL CONFERENCE**

The following shall be accomplished not later than **ten Court days** prior to the scheduled Pretrial Conference:

1.     **PRETRIAL STATEMENT**:  The parties shall file a joint pretrial statement which shall set forth:

(1) The substance of the action;

(2) The relief claimed, including the particular elements of the damages claimed;

(3) The factual issues remaining, as well as any stipulations of fact;

(4) The legal issues, including a concise statement of each disputed point of law concerning liability or relief and citing supporting statutory and case law;

(5) A current estimate as to the length of the trial;

(6) The status of the case with respect to alternative dispute resolution.

2.     **JURY INSTRUCTIONS**:

a.     <u>Joint Set of Agreed Upon Instructions</u>:  The parties shall jointly prepare a set of <u>agreed upon</u> jury instructions, which shall be filed **ten Court days** prior to the Pretrial Conference.  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed jury instructions, in the same order as their joint submission, on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

b.     <u>Separate Instructions</u>:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **ten Court days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

The separate instructions with objections shall be filed **ten Court days** prior to the Pretrial Conference.

c.     Substance and Format of Instructions:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain English and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.     Preliminary Statement and Instructions:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.     Clean Copies:  The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.     **FINDINGS OF FACT and CONCLUSIONS OF LAW**:  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, written in plain English and free of pejorative language and argument.  Whenever possible, parties shall deliver to the Courtroom Deputy copies of proposed findings of fact and conclusions of law on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

4.     **EXHIBITS**:

a.     Provide Copies of Exhibits to Other Parties:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached)** of all such proposed exhibits.  Voluminous exhibits shall be reduced by

elimination of irrelevant portions or through the use of summaries.  Each item shall be <u>pre-marked with an exhibit sticker</u> **(see attached)**, plaintiff's exhibits with numbers, defendant's exhibits with letters or with numbers sequenced to begin after plaintiff's exhibit numbers.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

  b. <u>Stipulations re Admissibility</u>:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

  c. <u>Provide Copies of Exhibits to Court</u>:  Three sets of exhibits shall be provided to the Court on the **<u>first day of trial</u>**.  Each set shall be in binders, tabbed and indexed.

  d. <u>Disposition of Exhibits After Trial</u>:  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

  5. **WITNESSES**:

  a. <u>Jury Trials</u>:  The Pretrial Conference Statement shall include a list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name, describing the testimony to be given.  Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

  b. <u>Non-Jury Trials</u>:  In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6. **MOTIONS IN LIMINE**:  Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.

Motions in limine shall be filed and served no later than **<u>ten Court days</u>** prior to the date set for the pretrial conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **<u>five Court days</u>** prior to the pretrial conference.  No reply papers will be considered.

**B.**    **ONE COURT DAY PRIOR TO PRETRIAL CONFERENCE**

       The following shall be accomplished not later than **one Court day** prior to the Pretrial Conference:

       1.    List of Exhibits With Stipulations and Objections - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

       2.    Objections to Other Evidence - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule. Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

       3.    Voir Dire and Verdict Forms - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

**C.**    **OTHER PRETRIAL MATTERS**

       1.    Citations - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the West Supreme Court Reporter, (2) all citations to California state courts shall be to both the official reporter and to the West California Reporter, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the West Regional Reporter.

       2.    Settlement Conferences - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

       3.    Copies - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

       4.    Daily Transcripts - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. **C-**          **MMC**                                    DATE: _____

_____          vs          _____

EXHIBIT LIST

(    ) Plaintiff                                     (    ) Defendant

| EXHIBIT NUMBER | Marked | Admitted | Sponsoring Witness | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |