UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS<br>_____/ | No. C 08-1930 MMC (JL)<br><br>**ORDER on Parties' Joint Statement (Docket # 114)** |

All discovery in this case has been referred by the district court (Hon. Maxine M. Chesney) pursuant to 28 U.S.C. §636(b). This Court received the parties' joint statement regarding a discovery dispute over Plaintiffs' depositions.

The Court's order of March 3, 2009 dealt with Wells' discovery requests on the following subjects which are also subjects of their dispute regarding Plaintiffs' depositions, that is: Wells' questions on Plaintiffs' financial histories, Plaintiffs' creditworthiness, and Plaintiffs' borrowing histories.

Wells Fargo argued in its original motion to compel production of documents and answers to interrogatories that it was entitled to discover information regarding each Plaintiff's real estate acumen and experience in applying for, obtaining, and accepting the terms of mortgage contracts. This Court, however, agreed with Plaintiffs that Plaintiffs' real estate sophistication and the purposes of their loans: whether to buy a home, to finance

investment property, or to obtain cash, are not relevant to the question whether or not Defendant assessed discriminatory, discretionary fees on borrowers. The information requested about Plaintiffs in Defendant's motion to compel Is irrelevant to class certification and probably to the merits, and Wells' Motion to compel Plaintiffs' credit data and history was denied. This Order limited the scope of pre-certification discovery on these issues.

The parties later filed the Joint Statement currently before this Court regarding Wells' depositions of Plaintiffs, asking this Court to decide:

(1) whether the Order restricts the scope of deposition testimony occurring after the Order was entered and allows Plaintiffs' counsel to instruct Plaintiffs not to respond to deposition questions, instead of stating objections on the record and permitting the examination to proceed;

(2) whether the questions asked by Wells Fargo about Plaintiffs' discussions, negotiations and prior experiences with mortgage brokers, and similar questions about their personal finances are relevant to class certification and

(3) the extent to which Plaintiffs ultimately responded to questions on which Wells Fargo contends inquiry was blocked.

The answers to these questions are:

(1) Yes; (2) No; and (3) Unknown but neither pertinent nor necessary to resolution of this dispute.

This Court's Order was unequivocal that the information Wells Fargo seeks is irrelevant: ("The information requested about Plaintiffs in Defendant's motion to compel is irrelevant…".). (Order, p. 9) If information is deemed irrelevant, a party should not be permitted to seek it in any form. See Rule 26(b)(1) ("[p]arties may obtain discovery…that is relevant to any party's claim or defense…") (emphasis added). This Court's limitation on discovery extends to depositions, and Plaintiffs' counsel may instruct their clients not to answer questions which the Court has ruled are outside the scope of discovery at this point in the case. Fed. R. Civ. P. 30(c)(2) provides ("[a] person may instruct a deponent not to answer…when necessary…to enforce a limitation ordered by the court…".)

United States District Court
For the Northern District of California

1        Plaintiff's counsel are entitled at deposition to instruct their clients not to answer
2  questions on topics which this Court has found to be irrelevant. The questions asked by
3  Wells Fargo are irrelevant to class certification. Plaintiffs assert that they plan to
4  supplement their responses with information about other properties they own or have
5  owned, but beyond that the parties have not yet elucidated what information Wells sought
6  that the Plaintiffs ultimately provided. However, this is neither pertinent nor necessary to a
7  decision on this dispute.

8        Wells Fargo attempts to use the motion to compel process to re-argue relevancy
9  issues upon which this Court has already ruled. By its objection, Wells Fargo has brought
10 these issues before Judge Chesney. Unless Judge Chesney sustains that objection, these
11 rulings remain the law of the case.

12       Accordingly, this Court finds that Plaintiffs' counsel were and are entitled to instruct
13 their clients not to answer questions on the topics of Plaintiffs' financial histories, Plaintiffs'
14 creditworthiness, and Plaintiffs' borrowing histories.

15       IT IS SO ORDERED.

16 DATED: June 19, 2009

_____
JAMES LARSON
Chief Magistrate Judge

22 G:\JLALL\CHAMBERS\CASES\CIV-REF\08-1930\Order 114.wpd

C-08-1930 DISCOVERY ORDER                                                            Page 3 of 3