United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  In re WELLS FARGO RESIDENTIAL            M: 08-CV-1930 MMC
    MORTGAGE LENDING DISCRIMINATION
12  LITIGATION                               **ORDER DENYING DEFERRED PORTION
    _____  OF DEFENDANT'S OBJECTIONS TO
13                                            MAGISTRATE JUDGE'S MARCH 3, 2009
    This Document Relates To:                ORDER**
14
              ALL ACTIONS
15  _____/

16

17        Before the Court is the deferred portion of defendant's "Objections to Magistrate's

18  Order Denying Motion to Compel Further Discovery," filed March 18, 2009, by which

19  defendant objects to Magistrate Judge James Larson's "Order Denying Defendants' Motion

20  to Compel Discovery," filed March 3, 2009.  Plaintiffs have filed opposition, to which

21  defendant has replied.  Further, with leave of court, plaintiffs have filed a surreply.  Having

22  read and considered the parties' respective submissions, the Court rules as follows.

23        In his March 3, 2009 order, the Magistrate Judge denied defendant's motion to

24  compel plaintiffs to answer interrogatories and produce documents pertaining to plaintiffs'

25  "real estate sophistication and the purpose of their loans" (see Order, filed March 3, 2009,

26  at 9:23-24), and to plaintiffs' "credit data and history" (see id. at 9:27-28).[1]  The Court finds

27        [1]Additionally, the Magistrate Judge ruled that plaintiffs need not supplement certain
28  discovery responses until such time as defendant had provided to plaintiffs certain
    discovery specified by the Magistrate Judge; by order filed April 1, 2009, the Court denied
    defendant's Objections to the extent defendant objected to such ruling.

1  defendant has failed to show the Magistrate Judge's order is clearly erroneous or contrary

2  to law.

3      In so ruling, the Court notes, however, that the discovery sought, or some portion

4  thereof, may be discoverable at a later stage.[2]  As the cases on which plaintiffs rely

5  recognize, evidence pertaining to the circumstances occurring when a plaintiff seeks the

6  defendant's services may be relevant to the merits of the type of claims alleged herein.  In

7  Coleman v. General Motors Acceptance Corp., 220 F.R.D. 64 (M.D. Tenn. 2002), for

8  example, the plaintiff alleged a claim similar to that alleged herein, i.e, that the defendant, a

9  finance company, allowed dealers to add a "subjective non-risk-related markup" to the

10  interest rate it imposed, and that the application of such markup "cause[d] black consumers

11  to pay higher average finance charges than similarly-situated white consumers."  See id. at

12  67-68.  The district court, while finding "individual buyer characteristics, dealer

13  characteristics, and the wide variety of pricing programs" are "not barriers to class

14  certification," also noted those issues could be "appropriate subjects for cross-examination

15  or rebuttal" during the trial on the merits.  See id. at 74; see also Jones v. Ford Motor Credit

16  Co., 2005 WL 743213, at *16 (S.D. N.Y. 2005) (observing defendant finance company, at

17  merits stage, "may be able to show that there are valid business reasons for a Mark-Up

18  Policy, for example because it allows dealers flexibility in offering customer financing, as

19  demonstrated by the facts of [a named plaintiff's] purchase").

20      Accordingly, the deferred portion of the Objections is hereby DENIED, without

21  prejudice to defendant's seeking appropriate discovery during the second phase of the

22  discovery proceedings.

23      **IT IS SO ORDERED.**

24

25  Dated:  June 29, 2009                    MAXINE M. CHESNEY
                                             United States District Judge

26

27      [2]The parties previously agreed, and in light of said agreement the Court ordered,
    that discovery in the above-titled action would be bifurcated into "two phases – an initial
28  phase focused on issues concerning class certification, and a subsequent phase focused
    on the merits."  (See Pretrial Order on Case Management, filed January 8, 2008, at 3:2-3.)

2