**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br>_____<br><br>This Document Relates To:<br><br>    ALL ACTIONS<br>_____/ | M: 08-CV-1930 MMC<br><br>**ORDER RE: DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 4, 2009 ORDER; SETTING BRIEFING SCHEDULE** |

    Before the Court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Objections, filed June 15, 2009, to the June 4, 2009 Order filed by Magistrate Judge James Larson. Also before the Court is the parties' Joint Report to Court, filed June 26, 2009, in which the parties state they have agreed on a procedure that resolves, in part, Wells Fargo's objections. Having read and considered the above-referenced filings, the Court rules as follows.

    1. To the extent the Objections challenge the findings made with respect to the bank examination privilege (see Order, filed June 4, 2009, 6:5 - 7:12), the Court finds it appropriate to afford plaintiffs the opportunity to respond thereto, and sets the following briefing schedule:

        a. No later than July 24, 2009, plaintiffs shall file a response in which plaintiffs, in addition to any other issue(s) plaintiffs deem appropriate, should address the

following:

        (i) Whether the bank examination privilege can never be claimed as to a document created by a bank. Cf., e.g., In re Bankers Trust Co., 61 F.3d 465, 468, 471-72 (6th Cir. 1995) (holding "bank examination privilege . . . accords agency opinions and recommendations and banks' responses thereto protection from disclosure"; directing district court to determine whether "documents . . . prepared by [bank] relating to the examination process" and "Federal Reserve's examination reports" include material covered by privilege); In re Subpoena, 967 F.2d 630, 633-34 (D.C. Cir. 1992) (holding "[b]ank management must be open and forthcoming in response to the inquires of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank," and that "[t]hese conditions simply could not be met as well if communications between the bank and its regulators were not privileged").

        (ii) Whether the Office of the Comptroller of the Currency ("OCC") should be notified of plaintiffs' request for discovery and provided an opportunity to claim the privilege, given (1) if a privilege exists, it is held by the OCC, and (2) if the documents are privileged, the OCC would appear to be entitled to show that any interest it may have in non-disclosure outweighs any interest plaintiffs have in disclosure. See Bankers Trust, 61 F.3d at 471-72 (holding where privilege may be "appropriate," federal agency "must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion"; noting that because privilege is "qualified," district court "must balance the competing interests of the party seeking the documents and those of the government").

        (iii) Whether the material sought by plaintiffs that Wells Fargo believes may be covered by the bank examination privilege is relevant to class certification.[1]

    b. No later than August 7, 2009, Wells Fargo shall file any reply to plaintiffs' response.

---

[1] The parties previously agreed, and in light of said agreement the Court ordered, that discovery in the above-titled action would be bifurcated into "two phases – an initial phase focused on issues concerning class certification, and a subsequent phase focused on the merits." (See Pretrial Order on Case Management, filed January 8, 2008, at 3:2-3.)

2

2. To the extent the Objections challenge other findings made in the June 4, 2009 order, the Objections are hereby DENIED as moot, in light of the "agreement in principle" set forth in the parties' Joint Report to Court.

**IT IS SO ORDERED.**

Dated:  July 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge