IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br>_____<br>This Document Relates To:<br>    ALL ACTIONS<br>_____/ | M: 08-CV-1930 MMC<br><br>**ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 19, 2009 ORDER** |

    Before the Court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Objections to Magistrate's June 19, 2009 Order on Parties' Dispute over Plaintiffs' Depositions," filed June 29, 2009, by which Magistrate Judge James Larson resolved the discovery dispute set forth in the parties' Joint Statement filed May 7, 2009.

    Having read and considered the objections to the Order, the Court finds Wells Fargo has failed to show the Magistrate Judge's June 19, 2009 order is clearly erroneous or contrary to law.  Accordingly, the Objections are hereby DENIED.

    In so ruling, the Court notes, as it did in its June 29, 2009 order, that the information Wells Fargo seeks in the May 7, 2009 Joint Statement may be discoverable at a later stage.[1]  For example, although Wells Fargo would appear to be entitled to obtain discovery

---

[1] The parties previously agreed, and in light of said agreement the Court ordered, that discovery in the above-titled action would be bifurcated into "two phases – an initial phase focused on issues concerning class certification, and a subsequent phase focused on the merits." (See Pretrial Order on Case Management, filed January 8, 2008, at 3:2-3.)

from plaintiffs that may show Wells Fargo, contrary to the allegations of the plaintiffs' respective complaints, does not have a pricing policy that has a discriminatory effect on minority borrowers, such discovery pertaining to the merits of plaintiff's claims and/or to Wells Fargo's defenses to such claims is not relevant to class certification.  See Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983) (holding "it is improper to advance a decision on the merits to the class certification stage); see, e.g., Ticconi v. Blue Shield of California Life & Health Ins. Co., 160 Cal. App. 4th 528, 540 n. 9 (2008) (holding, where complaint alleges violation of statute and seeks certification of class, defendant's argument that it has not violated statute "goes to the merits of plaintiff's lawsuit and as such is not a matter for consideration [at the class certification stage]"; stating courts do not consider at class certification stage "whether the lawsuit is legally or factually meritorious").

**IT IS SO ORDERED.**

Dated:  July 15, 2009

_____
MAXINE M. CHESNEY
United States District Judge