IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION _____ This Document Relates To:  ALL ACTIONS _____/ | M: 08-CV-1930 MMC  **ORDER DENYING DEFENDANT'S MOTION TO JOIN MORTGAGE BROKERS AS NECESSARY PARTIES** |

Before the Court is defendant Wells Fargo Bank, N.A.'s ("Well Fargo") Motion to Join Mortgage Brokers as Necessary Parties, filed June 2, 2009. Plaintiffs have filed opposition, to which Wells Fargo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

The instant litigation consists of four complaints, coordinated for pretrial purposes by the Judicial Panel on Multidistrict Litigation. Each complaint alleges that "Wells Fargo engaged in discriminatory residential lending practices, including the imposition of discretionary fees/charges which increased the cost of financing resulting in higher loans for minority borrowers than similarly situated non-minority borrowers." (See Transfer

---

[1] By order filed July 7, 2009, the Court deemed the matter suitable for decision on the parties' respective submissions, and vacated the hearing scheduled for July 10, 2009.

Order, filed April 10, 2008.)

As discussed below, two of the four complaints include allegations concerning fees and/or charges paid to mortgage brokers.

Plaintiffs Gilbert and Tracy Ventura ("Venturas") allege they "refinanced their home with a mortgage loan issued by [ ] Wells Fargo in the amount of $175,500," and that Phoenix Home Loans ("Phoenix") "was the mortgage broker on [p]laintiffs' home refinancing." (See Compl. ¶ 37, Case No. 07-4309 MMC.) The Venturas also allege that, "[a]ccording to their HUD-I closing statement [ ], [p]laintiffs at closing were subjected to a charge described as 'Mtg Broker Comp by WFB to Phoenix Home Loans' in the amount of $2,632.50 on a 'POC' basis (i.e., paid outside of closing) by [ ] Wells Fargo." (See Compl. ¶ 38.) The Venturas allege that the $2,632.50 fee was a "yield spread premium" that was "assessed pursuant to [ ] Wells Fargo's credit pricing policy." (See id.) Under that policy, according to the Venturas, Wells Fargo gives mortgage brokers "discretion to impose yield spread premiums and other subjective fees," and when a borrower pays a yield spread premium, Wells Fargo "shares in additional income generated by the premium." (See Compl. ¶ 32.) The Venturas further allege that "Wells Fargo's use of yield spread premiums and other discretionary fees disproportionately and adversely affects minorities (relative to similarly situated non-minorities)." (See Compl. ¶ 35.)[2]

In their complaint, Juan and Josefina Rodriguez ("Rodriguezes") allege they "purchased a residence with a mortgage loan issued by Wells Fargo in the amount of $620,500," and that Schaefer Financial Services ("Schaefer") "was the mortgage loan broker with respect to the loan." (See Compl. ¶ 42, Case No. 08-2154 MMC.)[3] The Rodriquezes also allege that "[a]ccording to their HUD-I closing statement, at the closing of the loan, [p]laintiffs were subjected to a charge described as 'Mortgage Broker

---

[2] The Venturas do not identify any "subjective fee" or "discretionary fee" they paid, other than a yield spread premium.

[3] The Rodriguezes' complaint was filed initially in the Central District of California as Civil Case No. 07-6780.

2

Compensation By WFB To: Schaefer Financial Service' in the amount of $6,205.00 on a 'POC' basis (i.e., paid outside of closing) by Wells Fargo." (<u>See</u> Compl. ¶ 43.) The Rodriguezes allege that the $6205 fee was a "yield spread premium" that was "assessed pursuant to Wells Fargo's credit loan pricing policy." (<u>See</u> <u>id.</u>) Under that policy, according to the Rodriquezes, Wells Fargo gives mortgage brokers "discretion to impose yield spread premiums and other subjective fees," and when a borrower pays a yield spread premium, Wells Fargo "shares in additional income generated by the increased cost." (<u>See</u> Compl. ¶ 37.) The Rodriquezes further allege that "Wells Fargo's use of yield spread premiums and other discretionary fees disproportionately and adversely affects minorities." (<u>See</u> Compl. ¶ 40.)[4]

**DISCUSSION**

By the instant motion, Wells Fargo seeks an order requiring plaintiffs to join mortgage brokers Phoenix and Schaefer (collectively, "Brokers") as necessary parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.[5]

Rule 19(a)(1) provides as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[4]The Rodriguezes do not identify any "subjective fee" or "discretionary fee" they paid, other than a yield spread premium.

[5]The instant proceeding, as noted, consists of four separate complaints that have been coordinated for pretrial purposes. Neither of the other two plaintiffs, Ruby Kathryn Brown and Judy Williams, alleges she used the services of any mortgage broker, let alone Phoenix or Schaefer. Accordingly, although defendants have captioned the instant motion as a motion that "relates to all actions," the motion pertains only to the complaints filed by the Venturas and the Rodriquezes.

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

See Fed. R. Civ. P. 19(a)(1).

The Ninth Circuit has interpreted Rule 19(a) as "provid[ing] that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." See United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999).

With respect to the latter, i.e., the circumstance identified in Rule 19(a)(1)(B), the Ninth Circuit has held joinder is improper when the absent party has not claimed it has an interest in the action. See id. at 688-89 (holding product manufacturer not necessary party to action against defendant who repaired product, where manufacturer "never claimed that it has [ ] an interest" in the action). This requirement applies even where the existing defendant asserts it will be subjected to "conflicting obligations" if the absent party is not joined as a defendant. See Fed. R. Civ. P. 19(a)(1)(B) (requiring both claim "and" exposure to inconsistent obligations); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983) (holding where defendant seeks to join absent party as defendant based on contention "decree entered in [plaintiff's] favor would allegedly expose [existing defendant] to conflicting obligations," existing defendant is required to show "absent party claim[s] a legally protected interest relating to the subject matter of the action"). Here, as plaintiffs point out, Wells Fargo fails to show the Brokers have ever claimed an interest in the instant action. Accordingly, because "a claim of interest" by the absent party is "required," and no such claim has been made, Wells Fargo has failed to show that either of the Brokers is a necessary party under Rule 19(a)(1)(B). See Bowen, 172 F.3d at 688-89.

The Court next considers whether the Brokers are "necessary" under the circumstance set forth in Rule 19(a)(1)(A), specifically, whether complete relief is not possible unless the Brokers are joined as defendants hereto. In this instance, the issue is whether, in the absence of the Brokers, the Court would be "preclude[d]" from "fashioning

4

meaningful relief as between the parties."  See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004).

In Disabled Rights Action Committee, for example, where the plaintiff sought to preclude the defendant lessees from operating a rodeo at a facility until such time as they complied with the Americans with Disabilities Act and defendant lessees argued the facility owner was a necessary party, the Ninth Circuit held the facility owner was not a necessary party because the district court could fashion "meaningful relief" in its absence.  See id. at 879-80.  In particular, the Ninth Circuit noted that the district court could have "enjoined [the lessees] from making certain kinds of operational decisions over which they have control – e.g., enjoining them from removing accessible floor seating, or requiring the erection of temporary ramps or lifts," or could have required the lessees "to hold the Rodeo at an accessible venue either immediately, or in the future, after the current provisions of [their] licensing agreement expire[d]."  See id. at 880.  In sum, the Ninth Circuit held, if a district court can grant relief against the named defendant that is "neither hollow nor meaningless," a motion to join another party as necessary is appropriately denied.  See id.

Here, both the Venturas and the Rodriquezes request, in their separate complaints, "extraordinary equitable and/or injunctive relief as permitted by law or equity, including rescission, restitution, reformation, attaching, impounding, or imposing a constructive trust upon, or otherwise restricting, the proceeds of [Wells Fargo's] ill-gotten funds."  (See Compl., Case No. 07-4309, Prayer for Relief ¶ C; Compl. Case No. 08-2154, Prayer for Relief ¶ B).[6]  Wells Fargo argues that such relief cannot be granted in the absence of the Brokers.

//

---

[6]In addition, the Venturas and the Rodriquezes each request an award of damages, as well as costs and attorney's fees.  Wells Fargo does not argue that the Court could not, in the absence of the Brokers, issue a "meaningful" award of damages, costs, and/or attorney's fee in favor of plaintiffs and against Wells Fargo.  Indeed, as the Supreme Court has held, a party is not necessary, for purposes of Rule 19(a), merely because the party could have been found, had it been named, jointly liable.  See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

In support of their argument, Wells Fargo argues the Brokers should be joined as defendants for the following reason:

> The personal financial information conveyed by [p]laintiffs to the Brokers, the loan products requested of the Brokers, whether the Brokers adhered to those requests and properly conveyed that information to Wells Fargo directly bears on the claims and defenses asserted and that might be available to the parties. For example, if Phoenix misled the Venturas <u>and</u> Wells Fargo as the Venturas aver, and/or if Phoenix and Schaefer discriminated against the [p]laintiffs in any regard, such information would not only support Wells Fargo's defenses but also potential affirmative claims by Wells Fargo against Phoenix and Schaefer perhaps for fraud, breach of contract and indemnity.

(See Def.'s Mot. at 2:6-13 (emphasis in original).)[7] The Court finds this argument unpersuasive. To the extent Wells Fargo is correct that conduct by the Brokers is relevant to any claim or defense of an existing party, Wells Fargo fails to explain why it is necessary that the Brokers be joined as defendants, as opposed to their officers and/or employees being called as witnesses. Moreover, whether Wells Fargo has a basis to sue the Brokers has no relevance to the instant motion, which does not seek joinder herein of the Brokers as defendants to any claim Wells Fargo may make against such entities, but rather to the claims the Venturas and Rodriguezes have alleged.

Wells Fargo also argues, referencing the Venturas and Rodriquezes's respective prayers for an order of attachment as to any "ill-gotten funds," that the Brokers were paid for the services rendered to plaintiffs by the use of yield spread premiums. Consequently, according to Wells Fargo, because the Brokers "shared" in the "ill-gotten" funds (see Def.'s Mot. at 9:18-20), adjudication of the issue of who received "ill-gotten funds" would be "incomplete" if the Brokers are not joined as defendants (see id. at 10:20-21). Even if a finding were to be made that the Brokers had received "ill-gotten funds," however, Wells Fargo fails to show how such finding would preclude the Court from granting "meaningful" relief to plaintiffs; Wells Fargo does not explain, for example, why an order of restitution, if otherwise appropriate, could not be limited to the portion of "ill-gotten funds" received by

---

[7] As plaintiffs correctly note, the Venturas's complaint only challenges conduct by Wells Fargo. Indeed, the Venturas's complaint does not include any averment that Phoenix "misled" either the Venturas or Wells Fargo.

6

Wells Fargo. In sum, Wells Fargo has failed to show the Court would be precluded from "fashioning meaningful relief" if the Brokers are not joined as defendants. See <u>Disabled Rights Action Committee</u>, 375 F.3d at 879.

## CONCLUSION

For the reasons stated above, Wells Fargo has not shown the Brokers are necessary parties to any complaint in the instant coordinated proceeding and, accordingly, Wells Fargo's motion to join the Brokers is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 11, 2009

_____
MAXINE M. CHESNEY
United States District Judge