United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   In re WELLS FARGO RESIDENTIAL              M: 08-CV-1930 MMC
     MORTGAGE LENDING DISCRIMINATION
12   LITIGATION                                 **ORDER RE: DEFENDANT'S**
     _____   **OBJECTIONS TO MAGISTRATE**
13                                              **JUDGE'S JUNE 4, 2009 ORDER;**
                                                **DIRECTIONS TO PLAINTIFFS**
14   This Document Relates To:

15        ALL ACTIONS
     _____/
16

17        Before the Court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Objections,

18   filed June 15, 2009, to Magistrate Judge James Larson's June 4, 2009 Order, to the extent

19   certain findings are made therein with respect to the bank examination privilege.[1]  At the

20   Court's direction, plaintiffs filed a response to the Objections, and Wells Fargo filed a reply

21   thereto.  Having read and considered the parties' respective filings, the Court rules as

22   follows.

23        As the parties acknowledge, if the subject documents are covered by the bank

24   examination privilege, the Office of the Comptroller of the Currency ("OCC") holds the

25   privilege.  See In re Bankers Trust Co., 61 F.3d 465, 468, 471-72 (6th Cir. 1995).  Plaintiffs

26   do not contend they have provided notice of their request for production of the documents

27

28        [1]To the extent the Objections pertain to other findings made in the June 4, 2009
     order, the Court, by order filed July 10, 2009, has denied the Objections as moot.

1  to the OCC, and, to the extent plaintiffs argue the Court can or should determine whether

2  the subject documents are privileged without providing to the OCC notice and an

3  opportunity to be heard, the Court disagrees.  See, e.g., id. at 471-72 (holding where bank

4  examination privilege may be "appropriate," federal agency "must be allowed the

5  opportunity to assert the privilege and the opportunity to defend its assertion"; noting that

6  because privilege is "qualified," district court "must balance the competing interests of the

7  party seeking the documents and those of the government").

8         Accordingly, to the extent plaintiffs seek production of documents to which Wells

9  Fargo has asserted the bank examination privilege may apply, plaintiffs are hereby

10  DIRECTED to give notice of their request to the OCC.[2]  Unless and until such notice has

11  been given, and either the OCC subsequently does not claim a privilege or any claim of

12  privilege by the OCC is found to be without merit by Magistrate Judge Larson, Wells Fargo

13  shall not be required to produce the subject documents to plaintiffs.

14         **IT IS SO ORDERED.**

15

16  Dated:  August 17, 2009

MAXINE M. CHESNEY
United States District Judge

17

18

19

20

21

22

23

24

25

26         [2]The Court notes that Wells Fargo, in response to plaintiffs' requests for production
of documents, has claimed the subject documents are, in addition, covered by privileges
27  held by Wells Fargo itself, such as the attorney-client privilege.  As set forth in the June 4,
2009 Order, the issue of whether the subject documents are covered by any privilege other
28  than the bank examination privilege remains pending before Magistrate Judge Larson.

2