United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION | No. C 08-1930 MMC  (JL) |
| | **NOTICE** |
| This Document Relates To: | |
| ALL ACTIONS | |
| _____/ | |

On June 4, 2009, this Court entered an Order regarding Plaintiffs' motion to compel production of documents related to Wells Fargo's loan methodologies. The Court ordered Wells Fargo to produce "all documents for which it relied solely on the bank examination privilege" with the exception of documents created by the OCC. " (Office of Comptroller of the Currency) (Doc. #132). On June 15, 2009, Wells Fargo appealed the June 4 Order by filing objections for Judge Chesney's consideration. (Doc. #142).

On August 17, 2009, Judge Chesney ordered that Plaintiffs provide notice to the OCC regarding their request for production of certain documents. Judge Chesney's Order specifically stated that "unless and until such notice has been given, and either the OCC subsequently does not claim a privilege or any claim of privilege by the OCC is found to be without merit by Magistrate Larson, Wells Fargo shall not be required to produce the subject documents to plaintiffs." (Doc. #170). Plaintiffs provided notice to the OCC on

August 21, 2009. On October 6, 2009, the OCC found the requested documents "are not properly the subject of a claim of the bank examination privilege."

This Court received Plaintiffs' Notice of Filing the OCC's Decision Regarding the Bank Examination Privilege (Docket # 175) and the accompanying exhibit, the letter from Douglas W. Roeder, Senior Deputy Comptroller of the Large Bank Division. In his letter, Mr. Roeder concludes, inter alia, that "the disputed documents are not properly the subject of a claim of the bank examination privilege. The disputed documents include the six categories of documents listed on page 2 of bank counsel's September 18 comment letter as having been furnished to OCC examiners, and the dozens of documents listed on the privilege logs accompanying Plaintiffs' August 21 request, or the document entitled, "Audit Report: Fair and Responsible Lending (Targeted Audit") prepared by Wells Fargo Audit & Security staff. Mr. Roeder concluded that the bank examination privilege did cover one document, entitled, "Overview: HCFG and WHFM Fair and Responsible Lending Compliance Programs/ Presentation to OCC," dated June 5, 2007. However, since Plaintiffs' request disavowed any interest in this document, Mr. Roeder concluded the matter was moot as to that document. The OCC expressed no opinion whether the bank had properly asserted the attorney-client privilege for the disputed documents.

As part of the June 4 Order, the Court had also ordered in camera review of certain fair lending documents based on Wells Fargo's claims of attorney-client or work product privilege. Thereafter, the parties agreed that Defendants would produce a supplemental privilege log from which a certain number of documents would be selected and provided to Judge Larson for in camera review. The supplemental privilege log and the designation have now taken place and the Court is in the process of conducting the in camera review of attorney-client or work product privilege issues.

In connection with the parties' selection of documents for the Court's in camera review, an issue arose regarding the absence of individual entries for modeling notes appearing on Defendants' supplemental privilege log. On August 17, 2009, Plaintiffs filed a Statement of Discovery Dispute (Doc. #169), explaining that because the modeling notes

1  did not appear on the supplemental privilege log, Plaintiffs were unable to select those
2  documents for the Court's in camera review. Thus, the issue of whether Wells Fargo will be
3  ordered to produce all of its modeling notes or whether the Court will order a sample to be
4  produced for in camera review also is currently before the Court. In addition, in light of
5  additional information obtained in recent discovery, Plaintiffs requested oral argument or
6  permission to file supplemental briefing.

    The Court hereby orders Plaintiffs to file a noticed motion for Defendants to respond
on the normal briefing schedule, the parties incorporating all the issues above and advising
the Court of their ramifications for the pending discovery issues.

    IT IS SO ORDERED.

DATED: October 13, 2009

_____
JAMES LARSON
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-1930\Brief 169.wpd