**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION <br> _____ <br> This Document Relates To: <br>     ALL ACTIONS <br> _____/ | M: 08-CV-1930 MMC <br><br> **ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING; CONTINUING HEARING** |

    Before the Court is defendant Wells Fargo Bank, N.A.'s ("Well Fargo") "Motion for Leave to File Third Party Complaint Against Phoenix Home Loans, and Schaefer Financial Services," filed December 28, 2009. Plaintiffs have filed opposition, to which Wells Fargo has replied. Upon consideration of the papers filed in support of and in opposition to the motions, the Court finds a hearing would be more productive after the parties have had the opportunity to address in advance two issues not addressed in the parties' respective papers.

**A. Proposed Third Party Complaint for Contribution and Equitable Indemnity**

    In the operative complaint, the First Consolidated and Amended Class Action Complaint ("FCAC"), plaintiffs allege against Wells Fargo claims under two federal statutes, specifically, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. By the instant motion, Wells Fargo seeks

leave to file a third-party complaint against mortgage brokers Schaefer Financial Services, Inc. ("Schaefer") and Phoenix Home Loans, Inc. ("Phoenix"). <u>See</u> Fed. R. Civ. P. 14(a) (providing "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer").[1] In its proposed pleading, Wells Fargo alleges, <u>inter alia</u>, a claim for contribution and a claim for equitable indemnity against both Schaefer and Phoenix.

"[A] third-party claim may be asserted only when the third-party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." <u>United States v. One 1977 Mercedes Benz</u>, 708 F.2d 444, 452 (9th Cir. 1983). Although "Rule 14 provides the procedural mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability." <u>See</u> <u>Kim v. Fujikawa</u>, 871 F.2d 1427, 1434 (9th Cir. 1989). Consequently, a third-party claim for contribution or indemnity is improper where the third-party plaintiff cannot, as a matter of substantive law, obtain contribution or indemnification. <u>See</u>, <u>e.g.</u>, <u>id.</u> (holding third-party claim for contribution not "legally cognizable," where "ERISA, the governing substantive law, does not recognize a right of contribution"); <u>Stewart v. American Int'l Oil & Gas Co.</u>, 845 F.2d 196, 200 (9th Cir. 1988) (holding, where plaintiff alleged violations of federal securities laws against defendant, district court properly dismissed third-party claims for contribution and indemnity because, as a matter of law, defendant had no right to contribution or indemnity with respect to plaintiff's claims).

"A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a

---

[1] In its proposed third-party complaint, Wells Fargo alleges that Schaefer is liable to Wells Fargo in the event Wells Fargo is found to be liable to plaintiffs Gilbert Ventura, Sr. and Tracy D. Ventura ("the Venturas"), and that Phoenix is liable to Wells Fargo in the event Wells Fargo is found to be liable to plaintiffs Juan Rodriguez and Josefina Rodriguez ("the Rodriguezes"). Wells Fargo, on October 5, 2007, filed an answer to the claims made by the Venturas in their initial complaint, and, on March 6, 2008, filed an answer to the claims made by the Rodriguezes in their initial complaint. Consequently, as Wells Fargo acknowledges, the proposed third-party complaint may not be filed without leave of court. <u>See</u> Fed. R. Civ. P. 14(a).

2

right of action by Congress, either expressly or implicitly, or (2) under the federal common law." Doherty v. Wireless Broad. Sys. of Sacramento, Inc., 151 F.3d 1129, 1130-31 (9th Cir. 1998), cert. denied, 528 U.S. 812 (1999). Here, as noted, plaintiffs' claims against Wells Fargo arise under two federal statutes, the FHA and the ECOA. Although it does not appear that the Ninth Circuit has addressed the issue of whether a defendant held liable under the FHA or the ECOA is entitled to seek contribution or indemnity, district courts that have considered the issue, at least as it pertains to the FHA, have found no such right exists. See, e.g., United States v. Shanrie Co., 610 F. Supp. 2d 958, 960-62 (S.D. Ill. 2009) (holding "there is no right to contribution or indemnification for defendants under the FHA"; dismissing third-party claims seeking contribution and indemnification where third-party plaintiffs were alleged to have violated FHA); Mathis v. United Homes, LLC, 607 F. Supp. 2d 411, 423 (E.D. N.Y. 2009) (holding "nothing suggests that Congress intended to create a right to contribution and/or indemnity under the FHA or to permit the federal courts to create a federal common law right to contribution and/or indemnity under the FHA"); Equal Rights Center v. Archstone Smith Trust, 603 F. Supp. 2d 814, 820-23 (D. Md. 2009) (holding "every federal court" to have considered issue "has concluded that no claim to indemnity (or contribution) exists in connection with liabilities arising [under the FHA]"; denying motion to amend to allege "claim for contribution in respect to joint and several liability under the FHA" for reason such claim "would be futile").

     Here, Wells Fargo has not shown that contribution or indemnification is available to a defendant found liable for violations of the FHA or the ECOA. In the absence of such a showing, granting Wells Fargo leave to file the proposed third-party complaint would be futile to the extent the proposed pleading is based on claims for contribution and indemnity. See id.

     Because the issue discussed above is not addressed in the parties' respective papers, however, the Court finds it appropriate to afford Wells Fargo the opportunity to show cause why its motion should not be denied, to the extent the motion seeks leave to file claims for contribution and for indemnity against Schaefer and Phoenix.

**B. Existing Third Party Complaint**

On December 4, 2009, plaintiffs filed the operative complaint, the FCAC, and included therein, for the first time, claims on behalf of plaintiff Howard Queensborough ("Queensborough"). Thereafter, on December 28, 2009, Wells Fargo filed its answer to the FCAC, and, on December 29, 2009, filed a third-party complaint against mortgage broker Lendmark Mortgage Corporation, Inc. ("Lendmark"), in which Wells Fargo alleges that Lendmark is liable to Wells Fargo in the event Wells Fargo is found to be liable to Queensborough. The third-party complaint filed against Lendmark, which Wells Fargo filed as of right pursuant to Rule 14(a), is, in all material respects, identical to the proposed third-party complaint against Schaefer and Phoenix, the only apparent differences being the name(s) of the third-party defendant(s) and the name(s) of the plaintiff(s) who used the services of the third-party defendant.

In opposing Wells Fargo's motion for leave to file a third-party complaint against Schaefer and Phoenix, plaintiffs have argued, inter alia, the claims alleged therein are not properly brought under Rule 14(a). (See, e.g., Pls.' Opp., filed January 22, 2010, at 3:1-3 (contending "Wells Fargo's claims against [Schaefer and Phoenix] are not derivatively based on [p]laintiffs' claims" but, rather, are "independent claims").) Although, to date, plaintiffs have not sought to dismiss the third-party complaint filed against Queensborough, see Fed. R. Civ. P. 14(1)(4) (providing "[a]ny party may move to strike [a] third-party claim"), were the Court to find plaintiffs have shown the proposed claims against Schaefer and Phoenix are not properly brought pursuant to Rule 14(a), and/or that Wells Fargo has not shown there exists a right to contribution and to indemnification for violations of the FHA and the ECOA, such ruling(s) would appear to be wholly applicable to the claims alleged against Lendmark.

Because the issue of whether Wells Fargo's claims against Lendmark are properly brought under Rule 14(a) is not addressed in the parties' respective parties, however, the Court finds it appropriate to afford Wells Fargo the opportunity to show cause why any ruling that its proposed claims against Schaefer and Phoenix are not properly brought

4

under Rule 14(a) would not apply equally to its third-party claims against Lendmark.

**C. Schedule**

In light of the foregoing, the Court sets the following schedule for the parties' supplemental briefing on the two issues identified above:

1. Wells Fargo's supplemental brief shall be filed no later than February 26, 2010, and shall not exceed ten pages in length.

2. Plaintiffs' responsive supplemental brief shall be filed no later than March 12, 2010, and shall not exceed ten pages in length.

3. Wells Fargo's supplemental reply brief shall be filed no later than March 19, 2010, and shall not exceed five pages in length.

4. The hearing on the motion is hereby CONTINUED to April 2, 2010, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 9, 2010

MAXINE M. CHESNEY
United States District Judge