1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  In re WELLS FARGO RESIDENTIAL          M: 08-CV-1930 MMC
    MORTGAGE LENDING DISCRIMINATION
12  LITIGATION                              **ORDER DENYING DEFENDANT'S**
    _____  **MOTION FOR LEAVE TO FILE THIRD**
13                                          **PARTY COMPLAINT AGAINST**
                                            **PHOENIX HOME LOANS AND**
14  This Document Relates To:               **SCHAEFER FINANCIAL SERVICES**

15          ALL ACTIONS
    _____/
16

17         Before the Court is defendant Wells Fargo Bank, N.A.'s ("Well Fargo") "Motion for

18  Leave to File Third Party Complaint Against Phoenix Home Loans, and Schaefer Financial

19  Services," filed December 28, 2009.  Plaintiffs have filed opposition, in which third-party

20  defendant Lendmark Mortgage Corporation has joined; Wells Fargo has filed a reply to

21  plaintiffs' opposition.  Additionally, with leave of court, the parties have filed supplemental

22  briefing.  Having read and considered the papers filed in support of and in opposition to the

23  motion, the Court rules as follows.[1]

24         "Federal Rule of Civil Procedure 14(a) provides that a defending party may implead

25  a third party 'who is or may be liable to him for all or part of the plaintiff's claim against

26  him.'" Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir.

27  1986) (quoting Fed. R. Civ. p. 14(a).)  "The decision whether to implead a third-party

28  _____

            [1]By order filed March 31, 2010, the Court took the matter under submission.

United States District Court

For the Northern District of California

1   defendant is addressed to the sound discretion of the trial court." Id.  "It is not an abuse of

2   discretion to deny an application for impleader where it will disadvantage the existing

3   action." Id.

4        The above-titled consolidated action, i.e., "the existing action," see id., is before this

5   Court because the claims asserted by each plaintiff "share factual questions relating to

6   whether Wells Fargo engaged in discriminatory residential lending practices."  See In re:

7   Wells Fargo Mortgage Lending Practices Litig., 545 F. Supp. 2d 1371, 1372 (JPML 2008).

8   Plaintiffs' claims, which arise solely under federal law, are based on the theory that Wells

9   Fargo's "credit pricing system" has a "discriminatory impact on minority applicants for home

10  mortgage loans."  (See First Consolidated and Amended Class Action Complaint ("FCAC")

11  ¶ 2.)  In support thereof, plaintiffs allege that "after a finance rate acceptable to Wells Fargo

12  is determined by objective criteria (e.g., the individual's credit history, credit score, debt-to-

13  income ratio and loan-to-value ratios), Wells Fargo's credit pricing policy authorizes

14  additional discretionary interest rate markups, pricing exceptions and finance charges."

15  (See id.)  In particular, plaintiffs allege, Wells Fargo gives its "authorized" brokers, as its

16  "agents," the "discretion to provide for rate markups, discounts, points and fees . . . in

17  amounts that are unrelated to credit risk and other objective factors."  (See FCAC ¶¶ 46,

18  56.)  As clarified in plaintiffs' opposition to the instant motion, plaintiffs are not alleging that

19  the actions of any individual mortgage broker caused the asserted discriminatory impact

20  (see Pls.' Opp., filed January 22, 2010, at 7:6-7), nor are plaintiffs alleging that any

21  mortgage broker engaged in "intentional discrimination" (see id. at 2:13-15).[2]

22       By the instant motion, Wells Fargo seeks leave to file a third-party complaint against

23  two mortgage brokers, which brokers were used, respectively, by plaintiffs Gilbert Ventura,

24  Sr., and Tracy D. Ventura ("the Venturas") and by plaintiffs Juan and Josefina Rodriguez

25  ("the Rodriguezes"), at the time said plaintiffs obtained their respective mortgage loans

26  from Wells Fargo.  Accordingly to Wells Fargo, if Wells Fargo is held liable under plaintiffs'

27

28       [2]Plaintiffs have also clarified that they are not alleging a claim of "intentional discrimination" against Wells Fargo.  (See id.)

2

1   theory, the mortgage brokers can be held liable to Wells Fargo under principles of

2   contractual and/or equitable contribution/indemnity.

3        In opposing such amendment, plaintiffs argue that the proposed third-party

4   complaint does not allege any claim properly brought under Rule 14(a), see United States

5   v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983) (affirming district court's

6   dismissal of third-party claim, where claim was not "derivatively based on the original

7   plaintiff's claim"), and that plaintiffs would be "disadvantage[d]" by the amendment, see

8   Southwest Administrators, 791 F.2d at 777 (affirming district court's denial of motion for

9   leave to amend to allege third-party claim, where amendment would have "complicate[d]

10  and lengthen[ed]" proceedings and would have introduced "extraneous question[s]" into

11  proceeding).  Turning to the latter of the two grounds of objection, the Court agrees with

12  plaintiffs that plaintiffs will be disadvantaged by the addition of the brokers to the action.[3]

13       At the outset, the Court notes that the purpose of the Judicial Panel on Multidistrict

14  Litigation ("Panel") in designating multiple actions as proper for consolidated or coordinated

15  proceedings is to conserve the resources of the parties and witnesses and to serve the

16  interests of judicial economy and efficiency.  See In re: Wells Fargo Mortgage Lending

17  Practices Litig., 545 F. Supp. 2d at 1372 (JPML 2008).  Here, as noted, the Panel found

18  plaintiffs' claims against Wells Fargo share "common questions of fact."  See id.  By

19  contrast, the issues presented by the proposed third-party complaint appear, at best, to be

20  tangential to the issues raised by plaintiffs' claims against Wells Fargo.  In particular, the

21  issues raised by the proposed third-party complaint do not concern the "share[d] factual

22  question[ ]," see id., of Wells Fargo's liability to plaintiffs, but, rather, the legal effect, if any,

23  of contractual and other relationships existing between Wells Fargo and the proposed third-

24  party defendants.  Any legal obligations to Wells Fargo by various loan brokers operating in

25  diverse parts of the country did not factor into the Panel's decision to coordinate plaintiffs'

26

27       [3]Because Wells Fargo's third-party complaint against Lendmark was filed as of right,
    the Court does not address herein the issue of whether Wells Fargo's claims against
28  Lendmark are properly asserted in this action.

3

1  actions in this district.

2      Further, plaintiffs' claims against Wells Fargo, as noted, arise exclusively under

3  federal law, whereas Wells Fargo's claims against the brokers are based primarily on state

4  law.  Moreover, resolution of the proposed third-party complaint likely will require

5  application of the laws of more than one state, given that the contracts relevant to those

6  claims were entered into in different states, and, because the instant action is a putative

7  nationwide class action, would, potentially, implicate the laws of numerous additional

8  states.

9      Finally, as plaintiffs point out, the case has been pending for well over two years,[4]

10  and the addition of the proposed third-party defendants will, of necessity, delay the

11  expeditious resolution of plaintiffs' claims.[5]

12      Accordingly, Wells Fargo's motion is hereby DENIED.

13      **IT IS SO ORDERED.**

14

15  Dated:  April 8, 2010                                    _____

16                                                          MAXINE M. CHESNEY
                                                            United States District Judge

17

18

19

20

21

22

23

24

25

---

26      [4]The Venturas' complaint was filed in August 2007, the Rodriquez's complaint was
   filed in October 2007, and the order coordinating plaintiffs' complaints in a multidistrict
27  action was filed in April 2008.

28      [5]In so finding, the Court makes no determination as to whether Wells Fargo was or
   was not diligent in seeking leave to amend.

4