IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING IN PART AND DEFERRING IN PART RULING ON DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; AFFORDING DEFENDANT LEAVE TO SUPPLEMENT DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Before the Court are the following motions and documents, each of which pertains to whether an expert report should be filed under seal: (1) defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Motion for Leave to File a Motion for Reconsideration Re: Sealing Plaintiffs' Class Certification Report of Howell Jackson," filed September 9, 2010, plaintiffs' opposition thereto, and Wells Fargo's reply; (2) Wells Fargo's "Administrative Motion to File Under Seal," filed September 3, 2010, plaintiffs' opposition thereto, and Wells Fargo's reply; and (3) plaintiffs' "Administrative Motion Re: Sealing Order," filed September 16, 2010, and a declaration submitted by Wells Fargo in response thereto. Having read and considered the above-referenced filings, the Court rules as follows.

**A. Wells Fargo's Motion for Leave to File Motion for Reconsideration**

On August 6, 2010, plaintiffs lodged with the Clerk the Class Certification Report of Howell E. Jackson ("Jackson Report"), and, in an accompanying administrative motion filed pursuant to Civil Local Rule 79-5, stated the Jackson Report referenced material Wells Fargo had designated as confidential. Plaintiffs identified the assertedly confidential material as follows: "The expert report references statistical results which are based on an analysis of [Wells Fargo's] loan level data which has been designated as confidential." (See Harrison Decl., filed August 6, 2010, ¶ 4.)

By order filed May 23, 2008, the Court directed that "[a]ny motion, pleading, or other submission that contains Confidential Material shall be filed in accordance with the requirements of [Civil] Local Rule 79-5." (See Protective Order, filed May 23, 2008, ¶ 8.) Pursuant to Civil Local Rule 79-5, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law," see Civil L.R. 79-5(a); a "stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal," see id.

Civil Local Rule 79-5 also provides that where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civil L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id. "If the designating party does not file its responsive declaration as required . . . , the document or proposed filing will be made part of the public record." Id.

Here, because Wells Fargo did not file a responsive declaration within the requisite time, the Court, by order filed August 30, 2010, denied plaintiffs' administrative motion and stated that plaintiffs could file the Jackson Report in the public record. Thereafter, on September 1, 2010, plaintiff filed the Jackson Report in the public record.

2

On September 9, 2010, more than a week after the Jackson Report had been filed in the public record, Wells Fargo filed the instant motion for leave to file a motion for reconsideration, requesting therein an opportunity to show the Jackson Report, or portions thereof, should be filed under seal.[1]  Wells Fargo argues as follows:  "[U]pon Wells Fargo's review and consideration of [the Jackson Report], Wells Fargo identified several categories of confidential information that were concealed from [p]laintiff's [m]otion and [d]eclaration, but included in [the Jackson Report]," (see Def.'s Mot., filed September 9, 2010, at 3:7-10), specifically, "confidential information other than the loan level data upon which plaintiffs' motion to seal relied" (see id. at 3:13-14).

Necessarily implicit in Wells Fargo's argument is that Wells Fargo did not file a timely responsive declaration because it did not object to plaintiffs' filing the "loan level data" in the public record, and that it did not learn the Jackson Report contained any confidential information until after such report had been filed in the public record.  Although Wells Fargo does not explain why it did not review the Jackson Report when it was first served on Wells Fargo, the Court nonetheless finds that, under the circumstances, it is appropriate to afford Wells Fargo an opportunity to identify, as subject to sealing under Civil Local Rule 79-5, any portion(s) of the Jackson Report other than the loan level data.[2]

Accordingly, Wells Fargo's motion for leave to file a motion for reconsideration will be granted.  In any such motion and/or the declaration(s) supporting such motion, Wells Fargo shall identify the material designated by Wells Fargo as confidential and referenced in the Jackson Report, other than the loan level data, and the specific page(s) on which any such material is referenced.

//

//

---

[1] Upon receiving Wells Fargo's motion for leave, the Court, in an abundance of caution, directed the Clerk to temporarily block public access to the Jackson Report.

[2] Wells Fargo's motion for leave does not assert that any cognizable basis exists to reconsider the Court's August 30, 2010 order to the extent it allows plaintiffs to file in the public record the loan level data referenced in the Jackson Report.

**B. Wells Fargo's Administrative Motion**

On September 3, 2010, Wells Fargo lodged with the Clerk the Expert Report of Harold A. Black ("Black Report"), and, in an accompanying administrative motion filed pursuant to Civil Local Rule 79-5, states the Black Report references material that has been designated as confidential by both parties.

To the extent the motion seeks an order sealing the Black Report in its entirety, the motion will be denied, for the reason Wells Fargo does not contend the Black Report consists solely of confidential information. See Civil L.R. 79-5(a) (providing "request must be narrowly tailored to seek sealing only of sealable material").

To the extent the motion seeks an order sealing those portions of the Black Report that reference material assertedly designated as confidential by plaintiffs, the motion will be denied, for the reason that plaintiffs have not filed a responsive declaration, and, further, have affirmatively stated the Black Report includes no information plaintiffs have designated as confidential. (See Pls.' Opp., filed September 10, 2010, at 3:11-15.)

To the extent the motion seeks an order sealing those portions of the Black Report that reference material designated as confidential by Wells Fargo, the Court finds it appropriate to defer ruling thereon. As plaintiffs correctly note, Wells Fargo fails to identify the page(s) on which any assertedly confidential material is discussed or referenced, and, consequently, the Court cannot meaningful review either Wells Fargo's request for sealing or plaintiffs' argument that much of the Jackson Report consists of information already in the public record or otherwise not confidential. The Court, however, will afford Wells Fargo leave to identify the particular page(s) on which assertedly confidential material is referenced or discussed, and, as to such pages, the category of assertedly confidential material.

Finally, to the extent Wells Fargo's reply asserts, for the first time, that "loan level data" referenced in the Black Report should be filed under seal (see Def.'s Reply, filed September 15, 2010, at 1:24-25), the Court finds it appropriate to defer ruling on such request. Although Wells Fargo, as discussed above, did not object to plaintiffs' filing in the

4

public record the loan level data referenced in the Jackson Report, Wells Fargo will be afforded leave to identify any significant difference(s) between the loan level data referenced in the two reports, if any such distinction exists.

**C. Plaintiffs' Administrative Motion**

On September 16, 2010, plaintiffs lodged with the Clerk the Reply Report of Howell E. Jackson ("Reply Report") and, in an accompanying administrative motion filed pursuant to Civil Local Rule 79-5, states the Reply Report references material designated as confidential by Wells Fargo, specifically loan level data. Thereafter, Wells Fargo filed a timely responsive declaration, in which it asserts that the entirety of the Reply Report should be filed under seal because the Reply Report references loan level data and other material designated as confidential by Wells Fargo.

The Reply Report will not be filed in its entirety under seal. See Civil L.R. 79-5(a). The Court, however, will afford Wells Fargo leave to supplement its responsive declaration (1) to identify the particular page(s) on which assertedly confidential material is referenced or discussed, and, as to such pages, the category of assertedly confidential material, and (2) to identify the difference, if any exists, between the loan level data in the Reply Report and in the Jackson Report.

**CONCLUSION**

For the reasons stated above,

1. Wells Fargo's motion for leave to file a motion for reconsideration is hereby GRANTED. No later than October 14, 2010, Wells Fargo may file a motion for reconsideration in which it identifies the material designated by Wells Fargo as confidential and included in the Jackson Report, other than the loan level data, and identifies the specific page(s) on which any such material is referenced.

2. Well Fargo's administrative motion is hereby DENIED in part and further ruling thereon is DEFERRED in part as follows:

  a. To the extent the motion seeks an order sealing the entirety of the Black Report and/or seeks an order sealing those portions of the Black Report referencing

1 information designated as confidential by plaintiffs, the motion is DENIED.

2        b. To the extent the motion seeks an order sealing those portions of the Black Report referencing information designated as confidential by Wells Fargo, Wells Fargo is afforded leave to file, no later than October 14, 2010, a supplement to its motion to address the matters set forth above.

3. Ruling on plaintiffs' administrative motion is DEFERRED, and Wells Fargo is afforded leave to file, no later than October 14, 2010, a supplement to its responsive declaration to address the matters set forth above.

4. In the event plaintiffs wish to file a response to Wells Fargo's motion for reconsideration and/or to any supplement filed in conformity with the above directions, plaintiffs shall file such response(s) no later than October 24, 2010.

5. As of October 24, 2010, Wells Fargo's motion for reconsideration, the deferred portion of Wells Fargo's administrative motion, and plaintiffs' administrative motion will be deemed submitted.

**IT IS SO ORDERED.**

Dated: September 30, 2010

                                     MAXINE M. CHESNEY
                                     United States District Judge