United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br><br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR CLARIFICATION/ RECONSIDERATION; GRANTING IN PART AND DENYING IN PART DEFERRED PORTION OF DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DIRECTIONS TO PARTIES** |

Before the Court are the following motions and documents, each of which pertains to whether an expert report should be filed under seal: (1) defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Motion for Clarification/Reconsideration of Orders Re: Sealing Plaintiffs' Class Certification Report of Howell Jackson," filed October 14, 2010, and plaintiffs' opposition thereto; (2) the deferred portion of Wells Fargo's "Administrative Motion to File Under Seal," filed September 3, 2010,[1] Wells Fargo's "Supplement to Administrative Motion to File Under Seal Portions of the Expert Report of Harold A. Black," and plaintiffs' response to the supplement; and (3) plaintiffs' "Administrative Motion Re: Sealing Order," filed September 16, 2010, Wells Fargo's "Supplement in Support of

---

[1] By order filed September 30, 2010, Wells Fargo's administrative motion was denied in part.

1  Sealing Portions of the Reply Class Certification Report of Howell Jackson," and plaintiffs'
2  response to the supplement. Having read and considered the above-referenced filings, the
3  Court rules as follows.
4  **A.  Wells Fargo's Motion for Clarification/Reconsideration**
5      Wells Fargo's motion for clarification/reconsideration seeks an order sealing portions
6  of the Class Certification Report of Howell E. Jackson ("Jackson Report").
7      Wells Fargo has shown that the following portions of the Jackson Report are
8  properly filed under seal:
9      1.  Portions of ¶ 15 on page 11, specifically, the sentence beginning with "According
10 to depositions" through and including the end of the paragraph, as well as footnote 20;
11     2.  Portions of ¶ 18 on page 14, specifically, the sentence beginning with "The retail
12 pricing information," the sentence beginning with "According to depositions in this case,"
13 and the sentence beginning with "These overages";
14     3.  Portions of ¶ 25 on pages 20-21, specifically, the sentence beginning with "While
15 Wells Fargo" through the end of the paragraph, including footnote 59;
16     4.  Portions of ¶ 39 on page 29, specifically, the material within the parenthesis;
17     5.  Portions of ¶ 45 on page 33, specifically, the sentence beginning with "The
18 description of"; and
19     6.  Appendix 4.
20     Accordingly, to the extent the motion seeks an order sealing the portions of the
21 Jackson Report identified above, the motion is hereby GRANTED.
22     To the extent Wells Fargo seeks an order sealing portions of the Jackson Report
23 not identified above, the motion is hereby DENIED, for the reason that Wells Fargo has
24 failed to show such other portions disclose material that is "privileged or protectable as a
25 trade secret" or is "otherwise entitled to protection under the law." See Civil L. R. 79-5(a).[2]
26
27 [2]To the extent Wells Fargo relies on plaintiffs' asserted failure to object to Wells
   Fargo's designation of certain documents as confidential under the terms of the Protective
28 Order filed May 23, 2008, Wells Fargo's reliance thereon is unavailing. First, the Protective
   Order provides that "[n]o party receiving documents or materials designated as

Plaintiffs are hereby DIRECTED to file, no later than five court days from the date of this order, a redacted version of the Jackson Report in the public record.[3]

**B. Wells Fargo's Administrative Motion**

Wells Fargo's administrative motion seeks an order sealing portions of the Expert Report of Harold A. Black ("Black Report").

Wells Fargo has shown that the following portions of the Black Report are properly filed under seal:

1. Portions of page 13, specifically, the sentence beginning with "For example" and the sentence beginning with "It also shows additional";

2. Portions of page 38, specifically, the content in the column of Table 1 titled "No. of Obs."

3. Portions of page 39 - 40, specifically, the sentence on page 39 beginning with "Home mortgage consultant" through and including the sentence on page 40 beginning with "If it was not";

4. Portions of page 41, specifically, the sentence beginning with "Importantly" and footnote 25.

5. Portions of page 42, specifically, the paragraph beginning with "As reflected in Table 2 below" through and including Table 2; and

6. Appendix Exhibit 4.

Accordingly, to the extent the motion seeks an order sealing the portions of the Black Report identified above, the motion is hereby GRANTED.

To the extent Wells Fargo seeks an order sealing portions of the Black Report not

---

'Confidential Material" shall have any obligation to object to the designation at the time the designation is made or at any time thereafter." (See Protective Order at 8:8-10.) Second, even if a failure to object to a confidentiality designation were to be treated as an agreement between the parties that such document is confidential, any such agreement is not sufficient cause to warrant sealing thereof. See Civil L.R. 79-5(a) ("providing "[a] stipulation . . . will not suffice to allow the filing of documents under seal").

[3]The unredacted version of the Jackson Report, filed as Document No. 269, is presently designated as a "locked" document. The Clerk is hereby DIRECTED to redesignate Document No. 269 as a sealed document.

3

1  identified above, the motion is hereby DENIED, for the reason that Wells Fargo has failed
2  to show such other portions disclose material that is "privileged or protectable as a trade
3  secret" or is "otherwise entitled to protection under the law." See Civil L. R. 79-5(a).

4  Wells Fargo is hereby DIRECTED to file, no later than five court days from the date
5  of this order, (1) a redacted version of the Black Report in the public record, and (2) the
6  unredacted version of the Black Report under seal.

7  **C. Plaintiffs' Administrative Motion**

8  Plaintiffs' administrative motion seeks an order determining whether plaintiffs, in light
9  of confidentiality designations made by Wells Fargo, must file under seal any portion of the
10 Reply Report of Howell E. Jackson ("Reply Report").

11 Wells Fargo has shown that the following portions of the Reply Report are properly
12 filed under seal:

13   1. Portions of page 29, specifically, Table 6; and
14   2. Portions of page 33, specifically, the first three columns in Table 8.

15 Accordingly, to the extent the motion seeks an order sealing the portions of the
16 Reply Report identified above, the motion is hereby GRANTED.

17 To the extent Wells Fargo seeks an order sealing portions of the Reply Report not
18 identified above, the motion is hereby DENIED, for the reason that Wells Fargo has failed
19 to show such other portions disclose material that is "privileged or protectable as a trade
20 secret" or is "otherwise entitled to protection under the law." See Civil L. R. 79-5(a).

21 Plaintiff is hereby DIRECTED to file, no later than five court days from the date of
22 this order, (1) a redacted version of the Reply Report in the public record, and (2) the
23 unredacted version of the Reply Report under seal.

24 **IT IS SO ORDERED.**

25

26 Dated: November 16, 2010

_____
MAXINE M. CHESNEY
United States District Judge

28

4