IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This Document Relates To:<br><br>PLAINTIFFS JUAN AND JOSEFINA RODRIGUEZ, AND GILBERT AND TRACY VENTURA ONLY. | M: 08-md-01930 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AGAINST JUAN AND JOSEFINA RODRIGUEZ; DENYING WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT AGAINST GILBERT AND TRACY VENTURA** |

Before the Court are two motions for summary judgment, each filed October 8, 2010 by defendant Wells Fargo Bank, N.A. ("Wells Fargo"):  (1) "Motion for Summary Judgment, or Partial Summary Judgment, Against Plaintiffs Juan and Josefina Rodriguez"; and (2) "Motion for Summary Judgment Against Gilbert and Tracy Ventura."  Plaintiffs Juan and Josefina Rodriquez ("the Rodriguezes") and Gilbert and Tracy Ventura ("the Venturas") have submitted a joint opposition to each motion, to which Wells Fargo has replied.  Having read and considered the papers submitted in support of and in opposition to the motions, the Court rules as follows.[1]

In the operative pleading, the First Consolidated and Amended Class Action Complaint ("FCAC"), plaintiffs, who obtained mortgage loans from Wells Fargo, allege that

---

[1] By order filed November 16, 2010, the Court took the motions under submission.

1  Wells Fargo's "credit pricing system" has a "discriminatory impact on minority applicants for
2  home mortgage loans" in violation of two federal statutes, specifically, the Equal Credit
3  Opportunity Act ("ECOA") and the Fair Housing Act ("FHA"). (See FCAC ¶ 2.)[2] In support
4  thereof, plaintiffs allege that "after a finance rate acceptable to Wells Fargo is determined
5  by objective criteria (e.g., the individual's credit history, credit score, debt-to-income ratio
6  and loan-to-value ratios), Wells Fargo's credit pricing policy authorizes additional
7  discretionary interest rate markups, pricing exceptions and finance charges." (See id.)

As set forth in the FCAC, some of the named plaintiffs obtained their mortgage loans directly from Wells Fargo (see FCAC ¶¶ 137, 146), while others obtained their mortgage loans from Wells Fargo through a mortgage broker (see FCAC ¶¶ 107, 117, 127). With respect to those plaintiffs who obtained loans through brokers, which include the Rodriguezes and the Venturas, plaintiffs allege that Wells Fargo gave the brokers the "discretion to provide for rate markups, discounts, points and fees . . . in amounts that are unrelated to credit risk and other objective factors." (See FCAC ¶¶ 46, 56.) According to plaintiffs, both the Rodriguezes and the Venturas were subjected to the above-referenced policy because "the contract APR on the mortgage loan[s]" obtained by them included a "totally subjective, discretionary component" added by their respective brokers. (See FCAC ¶¶ 113, 123.) By the instant motions, Wells Fargo argues that the Rodriguezes and the Venturas lack standing to bring claims under either the ECOA or the FHA.

First, with respect to all claims brought on behalf of Josefina Rodriguez, Wells Fargo argues said plaintiff lacks standing because she was not a party to any mortgage transaction with Wells Fargo. In their opposition, plaintiffs concede Josefina Rodriguez was not a "borrower in the transaction at issue" and agree to "withdraw any claims brought on her behalf." (See Pls.' Opp. 2:24-25.) Accordingly, Wells Fargo is entitled to summary judgment on all claims brought on behalf of Josefina Rodriguez.

//

---

[2] Each of the named plaintiffs is either African-American or Hispanic.

Next, with respect to the FHA claim brought on behalf of Juan Rodriguez, Wells Fargo, noting the protections provided by the FHA are limited to residential transactions, argues said plaintiff lacks standing because he testified at his deposition that he purchased the subject mortgaged property solely for investment purposes. (See Jones Decl. Ex. A, at 42:23 - 48:8.) In their opposition, plaintiffs concede that Juan Rodriguez "lacks standing" to bring a claim under the FHA. (See Pls.' Opp. 17:25-26.) Accordingly, Wells Fargo is entitled to summary judgment on the FHA claim brought on behalf of Juan Rodriguez.

With respect to the remaining claims challenged by the instant motions, specifically, Juan Rodriguez's claim brought pursuant to the ECOA and the Venturas' claims brought pursuant to the ECOA and the FHA, Wells Fargo argues it is entitled to summary judgment for the asserted reason that neither Juan Rodriquez nor the Venturas can establish that the rates/fees they were charged were higher than those of similarly situated non-minority borrowers.[3] In particular, Wells Fargo argues, evidence that would support a finding that minority borrowers as a class paid more than non-minority borrowers is insufficient to establish that any particular minority borrower, such as Juan Rodriguez or either of the Venturas, paid more than a similarly situated non-minority borrower. Rather, according to Wells Fargo, the particular loan transactions for each plaintiff must be examined, and each plaintiff must establish that he or she paid more than a similarly situated non-minority borrower. The Court disagrees.

"Proof of disparate impact is based not on an examination of individual claims, but on a statistical analysis of the class as a whole." Ramirez v. Greenpoint Mortgage Funding, Inc., 268 F.R.D. 627, 642 (N.D. Cal. 2010). Put another way, disparate impact claims "are proven not by sifting through every incident and weighing anecdotal justifications for each, but by considering how a common policy collectively affects a group." See id. at 641. Here, plaintiffs have offered statistical evidence that, if credited by

---

[3] Wells Fargo does not dispute, at least for purposes of the instant motion, plaintiffs' allegations that Juan Rodriquez and the Venturas' respective mortgage loans included "a totally subjective, discretionary component." (See FCAC ¶¶ 113, 123.)

the trier of fact, would support a finding that the class in which Juan Rodriguez and the Venturas were members was injured by the policy, and that Juan Rodriguez and the Venturas each received a higher "APR [annual percentage rate]" than they would have been offered "but for the disparate impact of [Wells Fargo's] policies." (See Class Certification Report of Howell E. Jackson ¶¶ 60-63 and Table 8.)  Accordingly, to the extent Wells Fargo seeks summary judgment on the ECOA claim brought on behalf of Juan Rodriguz and all claims brought on behalf of the Venturas, the motion will be denied.[4]

Finally, Wells Fargo argues it is entitled to summary judgment to the extent plaintiffs seek to hold Wells Fargo vicariously liable for the acts of mortgage brokers.  Plaintiffs, however, are not proceeding on a theory of vicarious liability, but, rather, solely on the theory that Wells Fargo itself instituted a policy, which policy was, in turn, applied by a broker acting at all times pursuant to Wells Fargo's policy.  (See Pls.' Opp. 11:21-23 ("[It] is not the broker's discriminatory conduct that is at issue in this case, but rather the impact of the Wells Fargo policy granting them discretion.").  Plaintiffs do not claim, for example, that any broker acted in a manner inconsistent with or contrary to Wells Fargo's policies, much less seek to hold Wells Fargo responsible for any such act by a broker.

**CONCLUSION**

For the reasons stated above:

1. Wells Fargo's motion for summary judgment/partial summary judgment against the Rodriguezes is GRANTED in part and DENIED in part, as follows:

   a. To the extent the motion seeks summary judgment on all claims alleged on behalf of Josefina Rodriguez, the motion is hereby GRANTED.

//
//

---

[4] In its reply, Wells Fargo argues that the statistical evidence on which plaintiffs rely is inadmissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The methodology employed by plaintiffs' expert and the admissibility of the statistical evidence on which plaintiffs rely is the subject of Wells Fargo's motion to strike scheduled for hearing on January 21, 2011, and will be addressed by the Court at that time.

4

        b. To the extent the motion seeks summary judgment on the FHA claim alleged on behalf of Juan Rodriguez, the motion is hereby GRANTED.

        c. In all other respects, the motion is hereby DENIED.

2. Wells Fargo's motion for summary judgment against the Venturas is hereby hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2010

                                            MAXINE M. CHESNEY
                                            United States District Judge