IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br>_____<br><br>This Document Relates To:<br><br>    ALL ACTIONS.<br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER AFFORDING DEFENDANT LEAVE TO SUPPLEMENT DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS FOR SEALING ORDERS** |

    Before the Court are the following motions:  (1) plaintiffs' "Administrative Motion Re: Sealing Order," filed October 12, 2010, which motion pertains to the propriety of the filing under seal of plaintiffs' motion for class certification, the declaration offered in support thereof, and the entirety of eighteen exhibits attached to the declaration; and (2) plaintiffs' "Administrative Motion Re: Sealing Order," filed October 29, 2010, which motion pertains to the propriety of the filing under seal of plaintiffs' joint opposition to defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment, the declaration offered in support of the joint opposition, and the entirety of the eight exhibits attached thereto.  On October 18, 2010, Wells Fargo filed a declaration supporting, in part, the first of the two above-referenced administrative motions, and plaintiffs filed a response thereto.  Having

read and considered the parties' respective filings,[1] the Court rules as follows.

To the extent Wells Fargo seeks an order sealing the entirety of nine deposition transcripts, Wells Fargo has failed to show it is entitled to such relief. The Court has previously denied Wells Fargo's request to file under seal an entire document where Wells Fargo contended that only a portion of the document consisted of sealable matter. (See Order, filed September 30, 2010, 5:5-15.) Such order appears to have had no effect on Wells Fargo, because Wells Fargo, once again, seeks such relief. In this instance, Wells Fargo asserts that over two thousand pages of deposition testimony should be kept from the public for the reason that some portions of those transcripts are properly filed under seal. Wells Fargo has failed to identify any specific page on which such testimony was given, and the Court declines to conduct a review of over two thousand pages to attempt to locate the testimony to which Wells Fargo may be referring. Rather than deny the request, however, the Court will exercise its discretion to afford Wells Fargo leave to supplement its showing to identify the specific pages and line numbers in the transcripts in which the deponent gave testimony that, in Wells Fargo's view, discloses material "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a).

To the extent Wells Fargo seeks an order sealing the entirety of an exhibit it has identified as "Wells Fargo Fair and Responsible Lending Compliance Sub-Program" (see Thomas Decl., filed October 18, 2010, 5:1-2), Wells Fargo has failed to show it is entitled to such relief. Although Wells Fargo asserts, without explanation, that said document "contains privileged information" (see id. 5:3-4), Wells Fargo has not identified the specific privilege on which it relies and, more importantly, has not identified the portion of said document that contains, in Wells Fargo's view, privileged matter. The Court declines to review the entirety of the document to determine whether some portion may be privileged,

---

[1] Although Wells Fargo did not file a response to the second of the two above-referenced administrative motions, the Court considers Well Fargo's response to the first motion to be its response to the second motion, in that Wells Fargo's response to the first motion addresses each exhibit that is the subject of the second motion.

2

particularly where the nature of the privilege is not identified.  Again, however, the Court will exercise its discretion to afford Wells Fargo leave to supplement its showing, in this instance, to identify the nature of the privilege(s) and to identify the particular portion(s) of the document that it believes are privileged.

To the extent Wells Fargo seeks an order sealing the entirety of documents it has identified as "Wells Fargo Broker Origination Agreement" and "Wells Fargo Law Department – Overview of Fair Lending Broker Price Monitoring for WFHM" (see id. 3:23, 4:24-25), Wells Fargo has failed to show it is entitled to such relief.  Wells Fargo's conclusory references to the first of those documents as being "unique to Wells Fargo" and the second as a document "contain[ing] information that is not public knowledge" are insufficient to warrant sealing of the entirety of the document or any portion thereof.  (See id. 3:25-26, 4: 27-28.)  Again, the Court will exercise its discretion to afford Wells Fargo leave to supplement its showing, in this instance, to set forth why the document is or contains material that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law," see Civil L.R. 79-5(a), and to indicate the portion(s) of said documents that are sealable.

Accordingly, the ruling on plaintiffs' administrative motion is hereby DEFERRED, and Wells Fargo is afforded leave to file, no later than November 29, 2010, a supplement to its declaration to address the matters set forth above.[2]

**IT IS SO ORDERED.**

Dated:  November 19, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent Wells Fargo seeks an order sealing a document it has identified as "Wells Fargo Retail Pricing Policy" (see id. 3:27), the Court finds it has sufficient information to make a determination, and, accordingly, Wells Fargo need not supplement its showing as to said document.

3