IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br>_____<br><br>This Document Relates To:<br>    ALL ACTIONS.<br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTIONS FOR SEALING ORDERS; DIRECTIONS TO PLAINTIFFS** |

    Before the Court are the following motions: (1) plaintiffs' "Administrative Motion Re: Sealing Order," filed October 12, 2010, by which motion plaintiffs seek to file under seal plaintiffs' motion for class certification, the declaration offered in support of the motion, and the eighteen exhibits attached thereto; and (2) plaintiffs' "Administrative Motion Re: Sealing Order," filed October 29, 2010, by which motion plaintiffs seek to file under seal plaintiffs' joint opposition to defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment, the declaration offered in support of the joint opposition, and the eight exhibits attached thereto. On October 18, 2010, Wells Fargo filed a responsive declaration,[1] to which plaintiffs have replied.

    By order filed November 19, 2010, the Court found Wells Fargo's responsive declarations insufficient to show any portion of the subject documents are properly filed

---

[1] For the reasons stated in the Court's order of November 19, 2010, the Court considers said declaration to be responsive to both administrative motions.

under seal, and afforded Wells Leave to supplement its showing. Thereafter, Wells Fargo filed a supplemental response, to which plaintiffs have filed a reply. Having read and considered the above-referenced filings, the Court rules as follows.

**A. Plaintiffs' Administrative Motion Filed October 12, 2010**

Wells Fargo has shown that the following portions of the Declaration of Wendy J. Harrison in Support of Plaintiffs' Motion for Class Certification ("Harrison Class Certification Declaration") are properly filed under seal: (1) page 173 of Exhibit A; (2) lines 19 to 20 on page 59 of Exhibit C;[2] (3) Exhibit G; and (4) Exhibit N. Accordingly, to the extent plaintiffs' administrative motion seeks leave to file such portions of the Harrison Class Certification Declaration under seal, the motion is hereby GRANTED.

Wells Fargo has not shown, however, that Exhibit M to the Harrison Class Certification Declaration is properly filed under seal. Accordingly, to the extent plaintiffs' administrative motion seeks leave to file such exhibit under seal, the motion is hereby DENIED.[3] Further, Wells Fargo does not contend in it supplemental response that any other portion of the Harrison Class Certification Declaration or any portion of plaintiffs' motion for class certification is properly filed under seal, and, accordingly, to the extent plaintiffs' administrative motion seeks leave to file such materials under seal, the motion is hereby DENIED.

In light of the above, plaintiffs are hereby DIRECTED to file, no later than five court days from the date of this order, (1) the motion for class certification in the public record, (2) a redacted version of the Harrison Class Certification Declaration in the public record, and

---

[2] Although Wells Fargo identifies lines 15 and 16 on page 59 as containing confidential information, it is readily apparent from Wells Fargo's description thereof that such confidential information is contained in lines 19 and 20 on page 59.

[3] In its supplemental response, Wells Fargo implicitly requests that the Court strike from the record any part of a deposition transcript not explicitly cited in plaintiffs' memorandum of points and authorities in support of its motion for class certification. Wells Fargo fails to show good cause exists for striking such lines/pages from the record, and, indeed, excerpts not explicitly cited may provide context for or clarify an ambiguity in excerpts explicitly cited. Accordingly, any such implicit request by Wells Fargo is hereby DENIED.

(3) the unredacted version of the Harrison Class Certification Declaration under seal.

**B.  Plaintiffs' Administrative Motion Filed October 29, 2010**

Wells Fargo has shown that the following portions of the Declaration of Wendy J. Harrison in Support of Plaintiffs' Joint Opposition to Defendant's Motion for Summary Judgment ("Harrison Summary Judgment Declaration") are properly filed under seal: (1) page 173 of Exhibit B;[4] (2) lines 19 to 20 on page 59 of Exhibit C; and (3) Exhibit E  Accordingly, to the extent plaintiffs' administrative motion seeks leave to file such portions of the Harrison Summary Judgment Declaration under seal, the motion is hereby GRANTED.

Wells Fargo does not contend in its supplemental response that any other portion of the Harrison Summary Judgment Declaration or any portion of plaintiffs' opposition to Wells Fargo's motion for summary judgment is properly filed under seal, and, accordingly, to the extent plaintiffs' administrative motion seeks leave to file such materials under seal, the motion is hereby DENIED.[5]

In light of the above, plaintiffs are hereby DIRECTED to file, no later than five court days from the date of this order, (1) plaintiffs' opposition to Wells Fargo's motion for summary judgment in the public record, (2) a redacted version of the Harrison Summary Judgment Declaration in the public record, and (3) the unredacted version of the Harrison Summary Judgment Declaration under seal.

**IT IS SO ORDERED.**

Dated: January 5, 2011

MAXINE M. CHESNEY
United States District Judge

---

[4] Exhibit B to the Harrison Summary Judgment Declaration is the same document as Exhibit A to the Harrison Class Certification Declaration.

[5] To the extent Wells Fargo's supplemental response includes an implicit request to strike from the record any part of a deposition transcript not explicitly cited in plaintiffs' opposition to the motion for summary judgment, the request is hereby DENIED for the reasons stated in footnote 3 above.  Moreover, any such request is untimely, as the Court ruled on the merits of Wells Fargo's motion for summary judgment prior to the date on which such supplemental response was filed.

3