IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE DECLARATIONS OF MARK COHEN AND IAN AYRES; SETTING DEADLINE TO FILE REPLY IN SUPPORT OF MOTION TO EXCLUDE REPORTS OF PLAINTIFFS' EXPERT; SCHEDULING HEARING ON MOTIONS; CONTINUING STATUS CONFERENCE** |

Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion "to Strike Declarations of Mark Cohen and Ian Ayres," filed December 16, 2010. Plaintiffs have filed opposition, to which Wells Fargo has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

In the instant case, plaintiffs assert that certain alleged practices of Wells Fargo have a disparate impact on certain minority borrowers. Plaintiffs seek to proceed on behalf of a class. On May 2, 2008, the parties jointly requested the Court set a deadline for plaintiffs to identify "experts for certification issues" and to submit expert reports on "certification issues," a deadline for Wells Fargo to make a "rebuttal disclosure" and to submit expert reports on "certifications issues," and a deadline for plaintiffs to make a

---

[1] By order filed January 19, 2011, the Court took the matter under submission.

1  "rebuttal disclosure" and to submit any further expert reports on "certification issues."  (See
2  Supp. Joint Case Management Report, filed May 2, 2008, 3:6-7.)  On May 13, 2008, the
3  Court set the requested deadlines, i.e., deadlines for disclosure of experts as to
4  "certification issues" (see Amended Pretrial Order on Case Management, filed May 13,
5  2008, 2:1-10), which deadlines subsequently were extended, most recently by stipulation of
6  the parties (see Eighth Amended Pretrial Order on Case Management, filed July 21, 2010).
7  The July 21, 2010 scheduling order based thereon set the following deadlines regarding
8  expert disclosures/reports in connection with class certification issues:

| | |
|---|---|
| Deadline for Plaintiffs' Expert Disclosures and Reports | August 6, 2010 |
| Deadline for Defendant's Rebuttal Expert Disclosures and Reports | September 3, 2010 |
| Deadline for Plaintiffs' Rebuttal Expert Disclosures and Reports | September 13, 2010 |

14 (See id. 2:7-11.)[2]  Additionally, the July 21, 2010 scheduling order set a September 24,
15 2010 cutoff for expert discovery.  (See id. 2:12.)

16       On October 12, 2010, plaintiffs filed a motion for class certification, which motion is
17 supported by, inter alia, opinions set forth in two timely-disclosed reports prepared by
18 plaintiffs' expert Howell E. Jackson ("Jackson"), which reports include the opinion that
19 plaintiffs can prove their disparate impact claims on behalf of the putative class by use of
20 common evidence and methods, such as regression analysis.  On October 28, 2010, Wells
21 Fargo filed a "Motion to Exclude Reports of Plaintiffs' Expert Howell E. Jackson," in which
22 motion Wells Fargo argues the opinions set forth in Jackson's reports are inadmissible
23 under the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
24 579 (1993).  On December 3, 2010, plaintiffs filed opposition to the motion to exclude,
25 which opposition is supported by, inter alia, declarations from two additional experts, Mark

---

[2] The parties subsequently agreed to a three-day extension of the deadline for plaintiffs' rebuttal expert disclosures and reports.  (See Reidy Decl., filed December 10, 2010, ¶ 2, Ex. A.)

Cohen ("Cohen") and Ian Ayres ("Ayres"). Prior to November 3, 2010, plaintiffs had not disclosed either Cohen or Ayres as an expert witness. By the instant motion, Wells Fargo argues the Cohen and Ayres declarations should be stricken for the reason that plaintiffs did not disclose such experts in conformity with the Court's scheduling orders.

Where a party fails to obey a scheduling order, the district court may impose sanctions, see Fed. R. Civ. P. 16(f)(1), which sanctions may include "prohibiting the disobedient party from . . . introducing designated matters in evidence," see Fed. R. Civ. P. 37(b)(2)(A) (ii). See, e.g., Wong v. Regents of the Univ. of Calif., 410 F.3d 1052, 1059-62 (9th Cir. 2005) (holding district court did not err in excluding from record expert reports not timely disclosed under terms of scheduling order; stating "[d]isruption to the schedule of the court and other parties . . . is not harmless").

Here, plaintiffs argue that the opinions of Cohen and Ayres are not offered to support class certification, and, consequently, plaintiffs had no obligation to disclose them in conformity with the Court's scheduling orders. The Court disagrees. Cohen offers the opinion that Jackson is "adequately qualified to analyze data on mortgage lending for purposes of determining whether or not a disparate impact is apparent in the data" (see Cohen Decl., filed December 3, 2010, ¶ 7), while Ayres offers the opinion that "Jackson's methodology follows accepted science and is appropriate" (see Ayres Decl., filed December 3, 2010, ¶ 7). The sole relevance of those opinions is as evidence in support of plaintiffs' argument that Jackson's expert opinions can be considered by the Court in determining whether a class should be certified, and, consequently, pertain directly to "certification issues." (See Amended Pretrial Order on Case Management 2:1-10.)

Although untimely, the expert opinions of Cohen and Ayres will not be excluded, however, if plaintiffs demonstrate the failure to timely disclose was "substantially justified or harmless." See Wong, 410 F.3d at 1062 (internal quotation and citation omitted). Accordingly, the Court next considers whether plaintiffs have made such a showing.

//

//

With respect to Cohen, the Court finds plaintiffs have adequately shown substantial justification for disclosing such witness after the close of expert discovery on certification issues. As plaintiffs correctly note, the issue addressed by Cohen, specifically, whether Jackson has the qualifications necessary to analyze mortgage lending data, was not raised by Wells Fargo until Wells Fargo filed its motion to exclude Jackson's reports, which motion was filed after the close of expert discovery on certification issues. (See Def.'s Mot. to Exclude, filed October 28, 2010, 7:9-15 (asserting Jackson is not qualified because he "lacks advanced training and experience in statistics and economics").) The Court finds persuasive plaintiffs' argument that they could not have anticipated, during the time in which expert discovery on certification issues remained open, that Wells Fargo would challenge the admissibility of Jackson's opinions on such basis, and Wells Fargo points to nothing in its expert's report, authored by Harold A. Black ("Black"), or in any other document or discovery provided to plaintiffs prior to the deadline for plaintiffs to disclose rebuttal experts, suggesting that Wells Fargo intended to raise a challenge to the sufficiency of Jackson's "training."[3]

Accordingly, to the extent Wells Fargo seeks an order striking Cohen's declaration, the motion will be denied.[4]

With respect to Ayres, however, the Court finds plaintiffs have failed to make the requisite showing. The topics on which Ayres offers opinions respond to challenges to the methodology employed by Jackson, which challenges were raised in Black's expert report. Although plaintiffs had the opportunity to disclose further experts after reviewing Black's report, plaintiffs did not disclose Ayres until two and a half months after the deadline to do

---

[3] Indeed, it is unclear from Black's report whether Black himself has the type of "advanced training" Wells Fargo asserts is a threshold requirement for rendering such an expert opinion.

[4] In its reply, Wells Fargo argues, for the first time, that Cohen's declaration should not be considered because it concerns an issue that is "not an appropriate area for expert testimony." (See Def.'s Reply, filed January 7, 2011, 6:3.) Given its belated appearance in the briefing, plaintiffs have not had an opportunity to respond to such argument, and, consequently, the Court has not considered it herein.

4

so, and have failed to show that such delay was justified.[5]  Further, plaintiffs have not shown, or even expressly argued, that Wells Fargo would not be prejudiced by the late disclosure of Ayres.

Accordingly, to the extent Wells Fargo seeks an order striking Ayres's declaration, the motion will be granted.

## CONCLUSION

For the reasons stated above:

1. Wells Fargo's motion to strike is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent the motion seeks an order striking the Declaration of Ian Ayres, the motion is hereby GRANTED.

    b. To the extent the motion seeks an order striking the Declaration of Mark A. Cohen, the motion is hereby DENIED.

2. In order to afford Wells Fargo the opportunity to depose Cohen, the Court hereby sets March 11, 2011 as the deadline for Wells Fargo to file its reply to plaintiffs' opposition to the motion to exclude Jackson's reports.

3. The hearing on plaintiffs' motion for class certification and on Wells Fargo's motion to exclude Jackson's reports is hereby set for April 8, 2011, at 9:00 a.m.

4. The status conference scheduled for March 4, 2011 is hereby CONTINUED to May 27, 2011.  A joint status report shall be filed no later than May 20, 2011.

**IT IS SO ORDERED.**

Dated: January 24, 2011

MAXINE M. CHESNEY
United States District Judge

---

[5] After receiving Black's expert report, plaintiffs did submit a rebuttal expert report written by Jackson, in which he responds to Black's criticisms.  Consequently, plaintiffs were aware of the need to disclose, and did disclose, an expert opinion responding to Black's challenges to Jackson's methodology.