| | |
|---|---|
| 1 | **BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.** |
| 2 | Andrew S. Friedman (admitted pro hac vice)<br>Wendy J. Harrison (CA SBN 151090) |
| 3 | 2901 North Central Avenue, Suite 1000<br>Phoenix, Arizona 85012 |
| 4 | (602) 274-1100 |
| 5 | **RODDY KLEIN & RYAN**<br>Gary Klein |
| 6 | Shennan Kavanagh |
| 7 | 727 Atlantic Avenue<br>Boston, MA 02111-02810 |
| | (617) 357-5500 ext. 15 |
| 8 | |
| | *Interim Co-Lead Class Counsel* |
| 9 | |
| | *(Additional counsel appear on signature page)* |

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. M 08-01930 MMC (JL)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE LATE OPPOSITION TO MOTION TO EXCLUDE; DECLARATION OF COUNSEL**<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION; SETTING HEARING DATE ON MOTION TO EXCLUDE** |
| This document relates to:<br>ALL ACTIONS | | |

### RELIEF REQUESTED

Pursuant to Local Rule 7-11, Plaintiffs in these consolidated actions hereby request that the Court grant them leave to belatedly file the attached Opposition to Defendant Wells Fargo's Motion to Exclude Exhibits L and R to the Declaration of Wendy Harrison Filed in Support of Plaintiffs' Motion for Class Certification ("Motion to Exclude," ECF Doc. No. 321). The motion is under submission, and the Court has advised the parties that it intends to rule on the papers. (*See* Order Vacating January 21, 2011 Hearing Date, etc., ECF Doc. No. 368.)

### DISCUSSION

As set forth in the Declaration of counsel below, Plaintiffs researched and prepared

their opposition to the Motion to Exclude in a timely manner, and it was ready for filing on December 3, 2010.  Due entirely to inadvertence and the sheer volume of paper being exchanged in the case, the opposition papers did not get filed along with Plaintiffs other motion papers.  Plaintiffs were unaware of the error until receiving the Court's minute order dated January 19, 2011 (ECF Doc. No. 368), which notes that Plaintiffs had not filed a response to the Motion to Exclude.

Plaintiffs apologize to the Court for this error and regret any inconvenience it may have caused.  At the same time, due to the importance of the issues, Plaintiffs submit it would be in the interests of justice and the class members for the Court to hear all arguments on this issue and resolve it on the merits.  Accordingly, Plaintiffs respectfully request that the Court accept their attached Opposition for filing and defer ruling on the Motion to Exclude until Wells Fargo has an opportunity to file a reply memorandum.

Dated:  January 21, 2011

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

RODDY KLEIN & RYAN

CHAVEZ & GERTLER LLP

_____/s/_____
Nance F. Becker
Liaison Interim Class Counsel

### DECLARATION OF COUNSEL

I, Nance F. Becker, declare:

1. I am an attorney admitted to practice before all courts of the state of California and before this Court.  I am a partner in the law firm Chavez & Gertler, LLP, which has been appointed Liaison Interim Class Counsel in these consolidated actions.  I have personal knowledge of the matters stated below and, if called upon, I could and would competently testify thereto.

2. Plaintiffs' counsel have worked diligently to coordinate their work on this

complex case so as to litigate the issues as efficiently as possible and avoid duplication of effort.  Counsel conferred telephonically and by email about Wells Fargo's numerous motions relating to class certification, and we determined that my firm would prepare the response to the Motion to Exclude as well as other relevant papers.  I personally researched the factual and legal issues raised by the motion and prepared the Opposition Memorandum, and it was ready to be filed when due on December 3, 2010.  The Opposition Memorandum, which has not since been edited apart from the date on the signature page, is attached as Exhibit A hereto.

3. Wells Fargo filed the Motion to Exclude on November 22, 2010.  In addition to Plaintiffs' motion for class certification, also pending at that time were at least the following: Defendant's motion for reconsideration of sealing orders, Defendant's motion for summary judgment, Defendant's motion re sealing of Plaintiffs' expert reports, Plaintiffs' administration motion re rescheduling, Defendant's evidentiary objections to Plaintiffs' class certification motion, and Defendant's administrative motion to file under seal.

4. Plaintiffs timely filed our opposition to Wells Fargo's evidentiary objections and our response to Wells Fargo's objections to and motion to exclude Plaintiffs' expert witness reports on December 3, 2010 (ECF Doc. Nos. 340, 341, 341-1, 342, 343).  We had intended to file the Opposition to the Motion to Exclude at the same time.  We were completely unaware that the Opposition had not been filed until we received the Court's January 19, 2011 Order noting that no response had been filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and was executed on January 21, 2011 at Mill Valley, California.

/s/
_____
Nance F. Becker

1  **[PROPOSED]** ~~[PROPOSED]~~ **ORDER**

2  The Court having reviewed Plaintiffs' administrative motion seeking leave to file their

3  Opposition to Wells Fargo's Motion to Exclude Exhibits L and R to the Declaration of

4  Wendy Harrison Filed in Support of Plaintiffs' Motion for Class Certification, which ~~motion~~

   administrative motion is not opposed

5  ~~is currently under submission~~, and good cause appearing, hereby GRANTS the motion.

6  Defendant shall file any reply to the opposition no later than February 4, 2011.

7  The Motion to Exclude is hereby set for hearing on April 29, 2011, at 9:00 a.m.

9  SO ORDERED.

10  Dated:  January 27, 2011

11  _____
    Honorable Maxine M. Chesney

12  Judge, U.S. District Court