IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br>_____/ | M: 08-md-01930 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DECLARATIONS; VACATING APRIL 29, 2011 HEARING** |

Before the Court is plaintiffs' "Motion to Strike Declarations of Michael LaCour-Little, Faye Steiner, Peter Nigro, and Stanley Longhofer," filed March 23, 2011. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed opposition, to which plaintiffs have replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 29, 2011, and rules as follows.

On May 2, 2008, the parties jointly requested the Court set deadlines for disclosures of experts for "certification issues." (See Supp. Joint Case Management Report, filed May 2, 2008 at 3:6-7.) On May 13, 2008, the Court set the requested deadlines (see Amended Pretrial Order on Case Management, filed May 13, 2008 at 2:1-10), which deadlines subsequently were extended, most recently by stipulation of the parties approved by the

Court on July 21, 2010 (see Eighth Amended Pretrial Order on Case Management, filed July 21, 2010). The July 21, 2010 scheduling order set the following deadlines for expert disclosures in connection with class certification issues:

| | |
|---|---|
| Deadline for Plaintiffs' Expert Disclosures and Reports | August 6, 2010 |
| Deadline for Defendant's Rebuttal Expert Disclosures and Reports | September 3, 2010 |
| Deadline for Plaintiffs' Rebuttal Expert Disclosures and Reports | September 13, 2010 |

(See id. 2:7-11.)[1] Additionally, the July 21, 2010 scheduling order set a September 24, 2010 cutoff for expert discovery. (See id. 2:12.) Pursuant to the above schedule, (1) plaintiffs timely disclosed a report written by Howell E. Jackson ("Jackson"), (2) Wells Fargo timely disclosed a responsive report written by Harold A. Black, and (3) plaintiffs timely disclosed a rebuttal report written by Jackson.

By order filed January 24, 2011, the Court found good cause existed to allow plaintiffs to disclose a second rebuttal expert and to submit a declaration therefrom, specifically, the declaration of Mark A. Cohen ("Cohen"), and extended the expert discovery cutoff for the purpose of allowing Wells Fargo to depose him. Thereafter, on March 11, 2011, Wells Fargo, without prior leave of court, filed four declarations, each containing expert opinion,[2] which declarations plaintiffs, by the instant motion, seek to have stricken.

As discussed above, the Court, at the parties' joint request, set three deadlines with respect to the disclosure of experts, the final such disclosure to consist of one or more rebuttal experts disclosed by plaintiffs. The Court's order made no provision for sur-rebuttal expert disclosures by Wells Fargo. In its opposition to the instant motion to strike,

---

[1] The parties subsequently agreed to a three-day extension of the deadline for plaintiffs' rebuttal expert disclosures and reports. (See Reidy Decl., filed December 10, 2010, ¶ 2, Ex. A.)

[2] The declarations are attached as Exhibits D, E, F, and G to the Declaration of Antony B. Klapper.

2

1  Wells Fargo nonetheless contends that yet another round of expert disclosures is
2  warranted.
3     A scheduling order "may be modified only for good cause."  <u>See</u> Fed. R. Civ. P.
4  16(b)(4).  Wells Fargo has failed, however, to show good cause exists to amend the
5  scheduling order to allow the late disclosures at issue.
6     Three of the newly disclosed experts opine that, contrary to plaintiffs' contentions,
7  prior publications authored by Jackson do not show he is qualified to give the opinions set
8  forth in his expert report.  (<u>See</u> LaCour-Little Decl. at 2-4; Steiner Decl. at 2-4; Nigro Decl.
9  at 4-6.)  Each of the prior publications, however, was identified in Jackson's curriculum
10 vitae, which was disclosed to Wells Fargo on August 6, 2010, almost seven months prior to
11 the subject disclosures.  (<u>See</u> Jackson Report, filed August 6, 2010, Appendix 2.)  Wells
12 Fargo fails to explain why its experts could not have challenged Jackson's qualifications
13 within the time frame provided in the Court's scheduling order.  The remaining declarant,
14 along with one of the above three, offers an opinion in response to assertions made in the
15 declaration of Ian Ayres ("Ayres"), an expert plaintiffs sought to disclose at the same time
16 as their disclosure of Cohen.  (<u>See</u> Steiner Decl. at 2; Longhofer Decl. at 1-2.)  By order
17 filed January 24, 2011, however, the Court struck Ayres' declaration, and, consequently,
18 there is nothing therein to rebut.
19     Accordingly, plaintiffs' motion to strike the declarations of Michael LaCour-Little,
20 Faye Steiner, Peter Nigro, and Stanley Longhofer is hereby GRANTED.
21     **IT IS SO ORDERED.**
22
23 Dated:  April 27, 2011
                                                                   _____
24                                                                 MAXINE M. CHESNEY
                                                                   United States District Judge

3